MINORITY EMPLOYEES AT NASA (MEAN), et al.

v.

Robert A. FROSCH, Individually and as Administrator, National Aeronautics and Space Administration, and His Agents and Successors, et al., Appellants.

No. 82–1071.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 12, 1982.

Decided Nov. 30, 1982.

---

John W. Polk, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellants. Kenneth Raisler, Asst. U.S. Atty., Washington, D.C., entered an appearance for appellants.

David M. Dorsen, with whom Roderic V.O. Boggs, Washington, D.C., was on the brief, for appellees.

Before WRIGHT, TAMM, and WALD, Circuit Judges.

Opinion for the court PER CURIAM.

PER CURIAM:

We affirm the District Court's award of attorney fees and a ten percent incentive award for the reasons stated in its opinion. *See* Joint Appendix at 65–67. We add a word to explain our affirmance of the incentive award because the District Court's opinion was issued before this court's opinion in *Nat'l Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C. Cir.1982), and because appellants relied heavily upon *Concerned Veterans.*

This court noted in *Concerned Veterans:*

> The purpose of adjusting the lodestar to reflect the contingent nature of a suit is to provide adequate compensation to counsel who undertake Title VII and FOIA work. Accordingly, some compensation for this factor is appropriate only if counsel would have received no significant remuneration if the suit were not successful. It is unnecessary to increase an attorney fee award to reflect the risk that the suit would not be successful if counsel would have been paid by his client regardless of the outcome.

*Id.* at 1328. That passage was aimed at preventing "double dipping" by the attorney who has a fee arrangement with a client which assures the attorney of some recovery no matter what the outcome of a suit. The passage has no application, however, to the attorney, such as the one in this case, who receives a salary from a public interest organization no matter what the outcome of litigation, but whose employer receives remuneration only in the event of success. Here the Washington Lawyers' Committee for Civil Rights Under Law took a risk of nonrecovery in order to vindicate rights guaranteed by Title VII of the Civil Rights Act of 1964. It is therefore eligible for an incentive award to the same extent as similarly situated private attorneys.

*Affirmed.*