**NAACP et al., Plaintiffs,**

v.

**Raymond J. DONOVAN et al., Defendants.**

**Civ. A. No. 82–2315.**

United States District Court, District of Columbia.

Dec. 14, 1982.

Philip A. Lacovara, Gerald Goldman and Thomas D. Goldberg of Hughes, Hubbard & Reed, Washington, D.C., for plaintiffs.

Stanley S. Harris, U.S. Atty., Royce C. Lamberth and Richard A. Stanley, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on plaintiffs' Motion for Attorneys Fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. For the reasons stated herein, the Court concludes that plaintiffs' attorneys are entitled to an award under the Act and the Court will allow $20,907.65 of the $21,532.73 requested.

## ANALYSIS

Resolving a motion for attorneys' fees under the EAJA requires two steps of analysis. First, the Court must determine whether award is proper. Second, the Court must decide the amount to which the attorneys are entitled. As to entitlement to award, the EAJA provides:

"[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

Initially, it is clear both that plaintiffs are "parties" within the meaning of the EAJA, 28 U.S.C. § 2412(d)(2)(B), and that plaintiffs are the "prevailing parties" in this litigation, as the Act requires. 28 U.S.C. § 2412(d)(1)(A). Thus, the plaintiffs are entitled to attorneys fees unless this Court finds that defendants' position in this litigation was "substantially justified." "The test of whether or not a government action is substantially justified is essentially one of reasonableness." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10 *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989. And the burden of proof is on the government to justify its position. *Id.* The Court finds that defendants did not sustain this burden.

■ This class action suit was brought on behalf of a group of migrant farmworkers to compel the Department of Labor ("DOL") to enforce certain of its regulations relating to temporary labor certification.[1] Prior to 1980 DOL had consistently interpreted its regulations to require growers to increase the wage rate paid for piece work[2] whenever the DOL increased the minimum wage rate—the adverse effect rate ("AER"). Any grower that did not comply with these regulations was denied certification. Then, in 1980, the DOL began to grant certifications to growers who, rather than increasing the piece rates paid workers, increased the productivity they demanded of workers, whenever the AER was raised. Plaintiffs filed this suit to compel

the DOL to enforce its regulations and cease granting certification to these growers.

Defendants argue that in this suit they presented to the Court a reasonable and legally justifiable interpretation of their regulations and therefore their position was substantially justified. The Court views this litigation differently. It appears to the Court that by "reinterpreting" their regulations defendants attempted to institute a significant policy change without complying with the rulemaking procedures mandated by the Administrative Procedure Act. The Court does not find defense of this conduct to be substantially justified. In its Opinion, this Court found that DOL's policy change was without support in its regulations and in fact was an attempt to avoid the mandate of those regulations.[3] *See* 29 C.F.R. §§ 655.207(c) & 655.202(b)(9). Accordingly, the Court now finds that DOL's position in this litigation was not substantially justified and the plaintiffs' attorneys are entitled to a fee award under the EAJA.[4]

Having determined that plaintiffs are entitled to an award of attorneys' fees the Court must now decide what amount the plaintiffs' attorneys are entitled to receive. Plaintiffs' fee application requests award both for Hughes, Hubbard & Reed—plaintiffs' counsel in the case before this court— and West Virginia Legal Services which filed the administrative complaint. The

1. A temporary labor certification allows a grower to import foreign laborers to pick his crops. The DOL will only grant certification if it determines that an employer has been unable to obtain American workers and that importation of workers will not adversely affect U.S. laborers. To aid in making this determination, the DOL promulgates yearly an "adverse effect rate" ("AER"). This rate represents the minimum wage that DOL has determined a grower must pay both foreign and American workers to prevent importation of foreign workers from adversely affecting similarly situated Americans. For a more detailed explanation of the temporary labor certification process and the facts in this case see *NAACP v. Donovan,* No. 82–2315 (D.D.C. September 3, 1982).

2. The piece rate is the amount paid to workers either per bushel or per box for the fruit they pick.

3. This Court is aware of legislative concern that the mere fact that the government lost the case should not create the presumption that its position was not substantially justified. H.R. Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin. News 4984, 4990. Nevertheless, the Court finds that the government's position in this suit was not substantially justified.

4. Moreover, awarding attorneys' fees in this case would effectuate the purposes of the EAJA—providing "equal access to justice" to the poorer members of our society who would otherwise be precluded from the system by the costs of seeking justice.

Court turns first to the fees requested by Hughes, Hubbard & Reed.

Hughes, Hubbard & Reed has requested a total of $19,635.23 for their work in this case. Their petition sets forth the following hours and rates:[5]

| PROFESSIONAL | HOURS | RATE | TOTAL |
|---|---|---|---|
| Philip Lacovara (partner) | 20 | $75 | $1500 |
| Gerald Goldman (partner) | 20 | 75 | 1500 |
| Thomas Goldberg (associate) | 220 | 60 | 13200 |
| Bruce Judson (summer associate) | 22 | 50 | 1100 |
| Allen Phaup & Deborah Tarasevich (paralegals) | 64 | 25 | 1600 |
| TOTAL FEES (HOURS X RATE) | | | $18900. |

■ The burden of proof is always on the applicant to prove entitlement to fees. *National Association of Concerned Veterans v. Green,* 675 F.2d 1319, 1337 (D.C.Cir.1982) (Tamm, J., concurring). "The applicant meets this burden by submitting an application accompanied by ... sufficiently detailed supporting documentation ...." *Id.* Hughes, Hubbard & Reed sustained their burden in this case by introducing a detailed affidavit explaining and justifying their fee application. The burden of proceeding then shifted to defendants to demonstrate that the award should be reduced or denied. *Id.* at 1337–1338. Defendants challenge either the hours, the rate, or both, for all items in plaintiffs' fee petition except the figures given for the paralegals.

First, defendants allege that the hours stated for Mr. Goldberg are unduly high. The Court disagrees. Mr. Goldberg was the attorney who did the bulk of the work in this case. He took primary responsibility for drafting the numerous and lengthy submissions in this case including the complaint, motion for temporary restraining order, and motion for summary judgment. Additionally, Mr. Goldberg appeared before the Court to argue both the temporary restraining order and summary judgment motions and to represent the plaintiffs in several less important matters such as motions

for an extension of the temporary restraining order and plaintiffs' opposition to defendants' Motion for Clarification. According to the leading case, *Copeland v. Marshall,* 641 F.2d 880 (D.C.Cir.1980), the Court should compensate counsel for time reasonably expended. Considering both the quality and the quantity of the work done by Mr. Goldberg in this case, the Court finds that a total of 220 hours is eminently reasonable.

Defendants also argue that the rate of $60 assessed for Mr. Goldberg's time is excessive. Again, the Court disagrees. Mr. Goldberg is a highly qualified and extremely able attorney who unquestionably commands a significantly higher rate when billed to the firm's regular clientele. It is clear to the Court that Hughes, Hubbard & Reed has chosen the $60 rate despite the fact that it is below "[t]he reasonable hourly rate ... prevailing in the community for similar work," *Copeland, supra,* at 892, in further effort to arrive at a reasonable figure in its fee petition. The Court does not feel that it would be just to further cut this already discounted figure.

Defendants do not challenge the hourly rate of $75 charged by the partners involved in this case—Philip Lacovara and Gerald Goldman.[6] Instead defendants argue, citing *Copeland,* that the hours they list are duplicative because much of this time was spent reviewing and editing pleadings or being the "extra man" at a hearing. The Court rejects this argument.

■ The emphasis in *Copeland* is on arriving at a total number of hours reasonably expended. The *Copeland* court states that a firm should exercise "billing judgment" and only charge those hours that would be billed to a client. The figures submitted by Hughes, Hubbard & Reed fare well by this standard. This Court believes that it is entirely reasonable for partners to review

---

**5.** Hughes, Hubbard & Reed reduced the actual hours submitted by each professional by more than 10% and eliminated altogether the time spent by one associate in an attempt to arrive at a reasonable figure in its fee application.

**6.** The Act provides that $75 per hour is the maximum amount to be awarded for attorneys fees unless special factors are present. 28 U.S.C. § 2412(a). The Court notes that this amount is undoubtedly substantially less than that usually charged by these individuals.

and edit the work of an associate before it is submitted to the court. Undoubtedly this practice is at least partially responsible for the high quality of the pleadings submitted in this case. Moreover, these hours would in all probability, be billed to a paying client. The Court is also convinced that it was not wasteful for a partner to attend the hearings with Mr. Goldberg. In fact, the practice was quite helpful to the Court, for on many occasions Messrs. Lacovara and/or Goldman participated in the hearings by responding to the Court's questions. Thus, the Court finds that billing this time was reasonable and the amount sought is compensable.

■ Finally, defendants challenge the rate of $50 which Hughes, Hubbard & Reed has charged for the work of a summer associate i.e., a law clerk. The Court finds this complaint to be justified. On a scale wherein paralegals are billed at $25 and an associate with three years of experience is billed at $60, it appears high to charge $50 for the work of a law student. Accordingly, the Court will reduce this rate to $35 per hour, thus reducing the total figure of $18,-900 by $330 and arriving at a "lodestar" figure of $18,570.

*Copeland* provides that the Court may adjust the "lodestar" figure to account for a variety of factors. *See e.g., Minority Employees at NASA v. Frosch,* 694 F.2d 846, (D.C.Cir.1982) (affirming District Court award of ten percent incentive fee). Defendants claim that the total figure sought here should be reduced "to reflect the fact that [plaintiffs] did not prevail on all of the issues." However, this is not an accurate statement of the results in this case. Plaintiffs sought a determination by the Court that defendants were not complying with the mandate of their regulations in allowing growers to escalate required productivity instead of increasing piece rate wages

whenever the AER was increased. This is precisely the determination the plaintiffs received. It is true that plaintiffs did not gain all of the types of relief they sought but it does not appear to the Court that this fact should result in a reduction of the fee award.[7]

■ In addition to the $18,900 Hughes, Hubbard & Reed seeks in attorneys fees, they request $735.23 in expenses for such items as photocopies, telephone, meals, travel and secretarial overtime. The EAJA provides that a plaintiff may recover "costs, as enumerated in § 1920 of this title."[8] 28 U.S.C. § 2412(a). Additionally, as noted earlier, a plaintiff may be awarded "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). However, with the exception of copying expenses, the disbursements enumerated by Hughes, Hubbard & Reed are not authorized by either of the preceding sections. Title 28 of the United States Code § 1920 limits "costs" to such items as docket fees, fees for the clerk and marshall and fees for photocopies. Accordingly, while this section authorizes the $440.15 Hughes, Hubbard & Reed seeks as reimbursement for copying costs, none of their other requests are covered by this provision. In fact, Hughes, Hubbard & Reed does not argue that these disbursements are recoverable as costs. Rather, they contend that these items are awardable as "fees and other expenses."

Although the Act does not provide an exclusive definition of expenses, it does state that "fees and other expenses" include reasonable expenses of expert witnesses and reasonable costs of studies, analyses, engineering reports, etc. 28 U.S.C. § 2412(d)(2)(A). Through application of the rule of ejusdem generis it appears to the Court that such items as meals, travel and telephone expenses were not intended to be covered by this provision. Thus, this

---

7. Even if the Court were to decrease the award to reflect "unproductive time" spent on relief that was not granted, the Court finds that such a reduction would be negligible. Very little of plaintiffs' attorneys' time was spent pursuing specific items of relief. Rather, the vast major-

ity of these attorneys' time was spent pressing the class' claim in its totality.

8. In general, there is a heavy presumption in favor of the award of costs to prevailing parties. *See Sun Ship Inc. v. Lehman,* 655 F.2d 1311 (D.C.Cir.1981).

Court holds, in accordance with the recent decision of *Photo Data Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982), that overtime, meals, local transportation and miscellaneous costs are not recoverable under the EAJA.

Finally, plaintiffs' fee application seeks $1897.50 on behalf of West Virginia Legal Services Plan Inc. for services rendered by Garry G. Geffert. Mr. Geffert both served "of counsel" to Hughes, Hubbard & Reed in this litigation and filed the administrative complaint in this matter with the DOL in August of 1981. No action was ever taken on the complaint and this suit was ultimately brought to force DOL to enforce its regulations.

The EAJA provides that plaintiffs may recover fees "in any action for judicial review of an [administrative] adversary adjudication." 28 U.S.C. § 2412(d)(3). Such an award is to include fees for work performed at the administrative level.[9] *Id. See Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225, 228 n. 5 (D.Md. 1981). Although in this case the administrative complaint did not proceed to adjudication because of defendants' failure to act, the Court holds that West Virginia Legal Services is entitled to recover for services rendered.

The legislative history of the Act makes it clear that the purpose of limiting § 2412(d)(3) to "adversary adjudications" was to exclude rulemaking and other administrative proceedings. H.R. No. 96–1418, 96th Cong., 2d Sess. 14 & 15. Thus, the fact that this matter did not proceed to the adversarial stage—because of defendants' failure to act—should not defeat plaintiffs' entitlement to attorneys fees. The important factor is that it is the type of proceeding for which Congress intended to provide fee awards to plaintiffs who prevailed on judicial review. Additionally, the Court believes that no reasonable interpretation of the statute in light of manifest Congressional intent[10] could allow defendants to avoid liability for attorneys fees by their own dilatory conduct.

Mr. Geffert has itemized 25.3 hours of time reasonably expended on this litigation. He seeks $75 per hour for his services. The Court finds that this rate is reasonable for an attorney with 5 years of experience and expertise in law relating to farmworkers. Accordingly, the Court will award the full amount sought.

---

9. *See also New York Gaslight Club Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) and *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.1976) *aff'd sub nom., Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977) (prevailing Title VII plaintiffs entitled to attorneys fees for work performed at the administrative level).

10. In passing EAJA Congress recognized that "... the expense of correcting error on the part of the government should not rest wholly on the party whose willingness to litigate [o]r adjudicate has helped to define the limits of federal authority." H.R. No. 96–1418, 96th Cong., 2d Sess. 10.