**MASSACHUSETTS FAIR SHARE, Petitioner,**

v.

**LAW ENFORCEMENT ASSISTANCE ADMINISTRATION, Respondent.**

No. 84–1037.

United States Court of Appeals, District of Columbia Circuit.

Motion May 1, 1985.

Decided Nov. 15, 1985.

Richard M. Bank, Washington, D.C., was on the motion for award of attorneys' fees and expenses.

Daniel Bensing, Washington, D.C., was on the opposition to motion.

Before ROBINSON, Chief Judge, WRIGHT and EDWARDS, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

The petitioner, Massachusetts Fair Share ("MFS"), seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA").[1] In MFS's initial petition before this court, we reverse the Law Enforcement Assistance Administration's ("LEAA") unilateral revocation of a conditional grant to MFS and remanded the case to LEAA for further proceedings consistent with our opinion.[2] Because we now find that MFS was a "prevailing party" and that LEAA's position was not "substantially justified," we hold that MFS is entitled to recover attorneys' fees and expenses in the amount of $42,909.42, pursuant to 28 U.S.C. § 2412(a), (d).

## I.

The original dispute between MFS and LEAA concerned the Urban Crime Prevention Program, which was created by LEAA and the Agency for Voluntary Service ("ACTION") in 1978. The strategy, goals, and a plan for implementation of the program were set forth in a memorandum of agreement between LEAA and ACTION. The agreement provided that the two agencies were to decide jointly which applicants should receive funding under the program.[3] Ultimately, LEAA and ACTION selected MFS as one of eleven finalists for funding, contingent upon successful resolution of minor programmatic and financial issues.[4] Three months later, however, LEAA unilaterally refused to grant MFS any funding. After exhaustion of the administrative process, petitioner brought the dispute to this court.[5] We reversed LEAA's unilateral revocation of the conditional grant to MFS and stated that LEAA had no power to revoke the grant without the agreement of ACTION. Because this court could not itself award a grant to MFS, we remanded the case to LEAA for proceedings consistent with our opinion.[6]

## II.

LEAA raises two objections to the awarding of fees to MFS under EAJA. First, LEAA argues that because we remanded the case to the agency "for further proceedings consistent with [our] opinion,"[7] MFS is not a prevailing party under EAJA.[8] We disagree. Petitioner may be considered a prevailing party "for attorney's fees purposes if [it] succeed[ed] on any significant issue in litigation which achieves some of the benefit ... sought in bringing suit."[9] In *Massachusetts Fair*

1. 28 U.S.C. § 2412 (1982).

2. *Massachusetts Fair Share v. Law Enforcement Assistance Admin.,* 758 F.2d 708 (D.C.Cir.1985).

3. *Id.* at 709.

4. *Id.* at 710.

5. *Id.* at 710–11.

6. *Id.* at 712.

7. *Id.*

8. Opposition to Petitioner's Motion for Award of Attorney's Fees, *Massachusetts Fair Share v. Law Enforcement Assistance Admin.,* No. 84–1037 (D.C.Cir.) (filed June 25, 1985) at 2–4.

9. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)); *Environmental Defense Fund, Inc. v. EPA,* 716 F.2d 915, 919 (D.C.Cir.1983); *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid,* 717 F.2d 964, 966 (6th Cir.1983); *Continental Web Press, Inc. v. NLRB,* 767 F.2d

*Share,* MFS prevailed on every issue we decided. We reversed LEAA's unilateral revocation of the conditional grant to MFS and held that LEAA had no power to revoke the grant without the agreement of ACTION. On remand, LEAA could only either (1) persuade ACTION to agree to the revocation of the grant, an event we considered unlikely due to ACTION's steadfast insistence that the grant be awarded, or (2) formalize the grant to MFS. The parties have informed us that the grant will be awarded. Thus we have no difficulty finding that MFS is the prevailing party.

▪ LEAA argues that a remand to an administrative agency does not permit us to consider MFS a prevailing party.[10] The cases cited by LEAA, however, are clearly inapposite. They all involve situations in which the winning party received only the right to a new hearing, and there remained the possibility that the agency could deny the party the benefit sought in the litigation. In each of these cases, the claimant sought to establish an entitlement to benefits, but the court found only procedural

defects in the agency decision-making.[11] A party who establishes an entitlement to relief on the merits of a claim—as MFS did in this case—is entitled to fees even if the case is remanded to the agency for further action. Unlike the cases cited by LEAA, in the instant case, LEAA could not unilaterally deny MFS funding on remand.[12] This is precisely the point that MFS litigated, and won, on its initial petition to this court. Furthermore, LEAA's recent agreement to award MFS funding makes MFS a prevailing party even under the arguments urged by LEAA.[13]

▪ Second, LEAA contends that its position was substantially justified and therefore no fees can be awarded under EAJA.[14] Again, we disagree. LEAA has the burden of establishing that its position was substantially justified. As we recently concluded in *Spencer v. NLRB,*[15] the test for substantial justification "should, in fact, be slightly more stringent that 'one of reasonableness.'"[16] In this case, we have no doubt whatsoever that LEAA's position was not reasonable.[17] LEAA advanced no

321, 323 (7th Cir.1985); *United States v. Citizens State Bank,* 668 F.2d 444, 447 (8th Cir.1982); *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983).

**10.** Opposition to Petitioner's Motion for Award of Attorney's Fees, *supra* note 8, at 1067.

**11.** LEAA cites *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984), for the proposition that a remand to an administrative agency does not a prevailing party make. *Brown,* and cases like it, *e.g., Miller v. United States,* 753 F.2d 270, 273–74 (3d Cir.1985); *Cook v. Heckler,* 751 F.2d 240, 241 (8th Cir.1984); *Von Luetzow v. Director, Office of Personnel Management,* 562 F.Supp. 684, 685–86 (D.D.C.1983), involved so-called "procedural claims," *Brown v. Secretary of Health and Human Services, supra,* at 882, such that the winning party received only the right to a new hearing by the agency.

**12.** *Brown* itself states that fees may be awarded to a party who establishes an entitlement to relief on the merits of a claim. Indeed, it implicitly recognized that a claimant ultimately successful upon remand may be awarded fees even for procedural victories. It held only that "the successful party generally should not recover attorney's fees *at that particular time* since the claimant's rights and liabilities and those of the government have not yet been determined."

*Brown v. Secretary of Health and Human Services, supra* note 11, at 883 (emphasis supplied). Here we granted MFS relief on the merits and determined the rights and liabilities of MFS and LEAA. We therefore may award fees at this time.

**13.** *Id.*

**14.** Opposition to Petitioner's Motion for Award of Attorney's Fees, *supra* note 8, at 4–10.

**15.** 712 F.2d 539 (D.C.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). We noted in *Spencer* that "once the private party has shown that he 'prevailed' in the litigation, the government bears the burden of demonstrating that its position was 'substantially justified.'" *Id.* at 557 (footnotes omitted).

**16.** *Id.* at 558 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, 10–11 (1980), U.S.Code Cong. & Admin.News 1980, p. 4953. (footnote omitted)).

**17.** In *Spencer* we held that the agency's *litigation position* should be considered in order to determine whether the agency's position was substantially justified. 712 F.2d at 557. On August 5, 1985, however, the President signed

legal authority to support its unilateral revocation of the grant,[18] and we found that the applicable principle of law had "long been settled."[19] We rejected the LEAA's position in the strongest of terms:

> We find in these documents no source of authority for separate disposition of grant applications by either agency, nor does LEAA argue to the contrary. Rather, its sole position, as it ultimately developed, is that no final decision to fund petitioner's project ever eventuated. To be sure, consummation of the agencies' joint award to petitioner was "contingent upon successful resolution of remaining minor programmatic and financial issues," but that did not enable either agency to abrogate unilaterally the decision they had achieved in concert.[20]

In our view, LEAA's position was not at all justified, let alone substantially justified. MFS thus qualifies for an award of attorneys' fees and costs under the Equal Access to Justice Act.[21]

### III.

■ EAJA prescribes a maximum hourly rate of $75 per hour for attorneys' fees "unless the court determines that an increase in the cost-of-living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[22] MFS asks us to adjust the fee award for its lead attorney upward by ten percent based on the quality of representation and cost-of-living increases.[23] We agree that the attorneys' fee award should be adjusted to compensate for cost-of-living increases,[24] but we limit that adjustment to five percent because some of the work in this case was performed almost contemporaneously with the effective date of EAJA,[25] and is therefore adequately compensated by the pre-inflation rate of $75 per hour. The number of hours claimed by MFS appears reasonable and has not been challenged by LEAA; we award attorneys' fees for all hours claimed.[26]

■ MFS also requests an award of $711.28 in costs for duplication expenses, taxi fares, messenger services, travel expenses, telephone bills and postage.[27] Only the duplication expenses are eligible under

---

into law an amended version of EAJA. *See* Act of Aug. 10, 1985, Pub.L. No. 99–80, 99 Stat. 183 (1985). In the amended version of EAJA, the position of the United States also includes the act or failure to act by the agency that led to the litigation. Pub.L. No. 99–80, § 2(c)(2)(B). This new definition of the agency's position, therefore, makes it even more difficult for an agency to show that its position was substantially justified. MFS, however, filed its action before October 1, 1984, so the older version of EAJA applies. Pub.L. No. 99–80, § 7. In any event, under both the original and amended versions of EAJA, the LEAA's position is not substantially justified because LEAA clearly did not have the power unilaterally to revoke MFS's grant.

**18.** *Massachusetts Fair Share v. Law Enforcement Assistance Admin., supra* note 2, 758 F.2d at 712.

**19.** *Id.* at 711.

**20.** *Id.* at 712 (footnote omitted).

**21.** MFS alternatively asks us to award attorneys' fees under 28 U.S.C. § 2412(b). We decline to award fees under that section because we do not find the requisite "bad faith" on the part of LEAA. *See F.D. Rich Co. v. Industrial Lumber*

*Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974).

**22.** 28 U.S.C. § 2412(d)(2)(A) (1982).

**23.** Motion for Award of Attorneys' Fees and Expenses Under the Equal Access to Justice Act, *Massachusetts Fair Share v. Law Enforcement Assistance Admin.,* No. 84–1037 (D.C.Cir.) (filed May 1, 1985) at 13–14.

**24.** *Cf. Action on Smoking & Health v. CAB,* 724 F.2d 211, 219–20 (D.C.Cir.1984) (quality of representation, exceptional result, litigation delay attributable to the agency and inflation justify a ten percent upward adjustment of the fees awarded).

**25.** The version of EAJA applicable to MFS was adopted Oct. 21, 1980 and made effective Oct. 1, 1981. Pub.L. No. 96–481, title II, § 208.

**26.** MFS claims 518.5 hours for its lead attorney and 31.5 hours (at a rate of $60 per hour) for his associate. Motion for Award of Attorneys' Fees and Expenses Under the Equal Access to Justice Act, *supra* note 23, at 15.

**27.** *Id.*

the Act,[28] so costs of $187.54—the amount claimed for duplication expenses—will be awarded.

For these reasons, we hold that MFS is entitled to recover attorneys' fees and expenses in the amount of $42,909.42.

*So ordered.*

**28.** *See Action on Smoking & Health v. CAB, supra* note 24, 724 F.2d at 223–24 (no costs awardable for taxi fares or postage); *NAACP v. Donovan,* 554 F.Supp. 715, 719–20 (D.D.C.1982) (no costs awardable for telephone bills or travel).