J.L. LAVENDER and Mary Lavender, Individually, and J.L. Lavender d/b/a Lavender Construction Company, Appellees,

v.

## WOOD LAW FIRM, Appellant.

### No. 85–1690.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 26, 1985.

Decided March 3, 1986.

---

**4.**  It is important to note that in *Morrison* the Supreme Court did not create a *per se* rule against the dismissal of a defendant's indictment for a violation of his sixth amendment rights.  The Court merely stated that there had to be an appropriate showing of prejudice to warrant dismissal of a defendant's indictment.

In *Morrison* the Court stated that no prejudice had been demonstrated and noted the record did "not reveal a pattern of recurring violations by investigative officers that might warrant the imposition of a more extreme remedy in order to deter further lawlessness."  449 U.S. at 365–66 n. 2, 101 S.Ct. at 668 n. 2.  I believe that the present case contains precisely the kind of actual prejudice and recurring violations that require dismissal of Singer's indictment.

248

C. Keith Griffith, Little Rock, Ark., for appellant.

There was no brief filed by appellees.

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern and Western Districts of Arkansas.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

The Wood Law Firm appeals a district court's[1] summary affirmance of a bankruptcy court's[2] order directing it to reimburse the bankruptcy estate for fees it had received. We affirm.

Appellant made this application for compensation pursuant to Bankruptcy Rule 2016 for services provided to J.L. Lavender and Mary Lavender, individually, and J.L. Lavender d/b/a Lavender Construction Company. The Lavenders are seeking reorganization under Chapter XI of the Bankruptcy Code. 11 U.S.C. §§ 1101 *et seq.* The bankruptcy court had authorized the Lavenders to employ appellant to represent them as debtors-in-possession. Appellant sought $23,951.00 in fees for work done between October 1, 1982 and November 16, 1983. Appellant admitted having been previously paid $16,022.33 by the Lavenders. These payments were made without notice to creditors and without specific court approval. The bankruptcy court denied appellant's application and ordered it to reimburse the estate for funds received without authorization. The bankruptcy court did authorize appellant to receive $8,337.27 in fees and expenses to be paid once appellant reimburses the estate. The district court summarily affirmed the bankruptcy court's order.

An attorney hired to represent a debtor-in-possession must give notice to creditors and receive court approval prior to being compensated by the estate. 11 U.S.C. § 330; Bankruptcy Rule 2016. Without such prior approval, ordinarily subsequent applications for fees should be denied and the funds received should be ordered returned to the estate. However, in limited circumstances, the bankruptcy court as a matter of fundamental fairness may exercise its discretion and enter a nunc pro tunc order authorizing compensation. *See In re Triangle Chemicals, Inc.,* 697 F.2d 1280, 1284–85 (5th Cir.1983). This

2. The Honorable James G. Mixon, United States Bankruptcy Judge, Eastern and Western Districts of Arkansas.

discretion arises from the bankruptcy court's powers as a court of equity. *See Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).[3]

Here, appellant clearly failed to comply with the notice and application requirements of the Bankruptcy Code and Rules. The bankruptcy court refused to exercise its discretion to retroactively authorize appellant's request. The facts of this case support the court's restraint. Appellant had sufficient experience to know of the Code's notice and application requirements. Moreover, the record indicates a general lack of activity and success on the part of the appellant in moving the case forward. Therefore, we affirm the court's direction to the appellant to reimburse the estate for fees received without approval.

---

**3.** Such exercise of discretion is not barred by this court's decision in *Albers v. Dickinson,* 127 F.2d 957 (8th Cir.1942). That decision was explicitly limited to interpretation of Supreme Court orders promulgated under the old Bankruptcy Act. Moreover, *Albers* did not address the question whether nunc pro tunc orders could be issued in proper circumstances.