**Nancy FLEMING, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–0603.**

United States District Court, District of Columbia.

June 11, 1986.

E. Marie Wilson-Lindsay of the Neighborhood Legal Services Program, Washington, D.C., for plaintiff.

United States, Asst. U.S. Atty., Claire Whitaker and appearing on brief U.S. Atty. Joseph E. diGenova and Royce C. Lamberth, Chief, Civil Div., Asst. U.S. Atty., for defendant.

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

The Court has before it the Secretary of Health and Human Services' modified findings of fact and decision on remand finding that the plaintiff is entitled to disability insurance benefits and supplemental security income benefits. The Court also has before it plaintiff's Motion for an Award of Attorney's Fees and Costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), defendant's Opposition to plaintiff's Motion, and plaintiff's Reply.

In the underlying cause plaintiff sought to reverse, pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3), the Secretary's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits. For the reasons set forth below, the Court affirms the Secretary's decision on remand, and finds that the plaintiff is the prevailing party in the above-entitled cause and that the government's position is not substantially justified. Thus, plaintiff's Motion for an Award of Attorney's Fees and Costs must be granted.

## BACKGROUND

Plaintiff, Nancy Fleming, is a fifty-one year old mother of eleven children. She has less than a ninth grade education and has worked as a maid, a housekeeper, and laundry worker. In September, 1980, plaintiff applied for disability insurance benefits ("DIB"). She claimed she was disabled due to anxiety and depression, orthopedic and related problems, hypertension, exogenous obesity, varicose veins, and latent diabetes. *See Plaintiff's Memorandum in Support of Motion for Attorney's Fees and Costs* at 1. Her application was denied.

In July, 1982, plaintiff again applied for disability insurance benefits and Supplemental Security Insurance benefits ("SSI"). After a hearing before an Administrative Law Judge ("ALJ"), plaintiff's applications were denied. The Appeals Council subsequently denied plaintiff's request for a review of the ALJ's decision. Plaintiff then filed this action on February 11, 1985.

After reviewing the record in this case, the Court found that the Secretary's final decision was not supported by substantial evidence. The Court reversed the Secretary's final decision and remanded the case to the Secretary for consideration of all the relevant evidence, including two recent medical reports, one of which was from the plaintiff's treating physician. *See Court's Order of June 12, 1985* at 5.

In July, 1985, an ALJ, after reviewing additional medical evidence, recommended that the plaintiff's claims be denied. Plaintiff filed exceptions to the ALJ's recommendation. On December 16, 1986, the Appeals Council issued its decision. While concurring with the ALJ's opinion that plaintiff's high blood pressure, hiatal hernia, diverticulosis, and alleged latent diabetes did not significantly interfere with her

working, *see Decision of the Appeals Council* at 1, the Appeals Council found that the plaintiff's "musculoskeletal and mental impairments" would preclude plaintiff "from engaging in a significant number of jobs". *Id.* at 1 & 5.

The Appeals Council found that the plaintiff had been disabled since December 15, 1979 and was entitled to DIB and SSI benefits. *Id.* at 5.

## I. THE SECRETARY'S DECISION ON REMAND FINDING THAT PLAINTIFF IS ENTITLED TO DIB AND SSI BENEFITS IS AFFIRMED, AND PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES IS DEEMED TO BE TIMELY FILED.

■ As previously mentioned, the Court in its Order of June 12, 1985, reversed the Secretary's decision denying DIB and SSI benefits to the plaintiff-claimant and remanded the cause for consideration of additional medical evidence including a report filed by the plaintiff's treating physician. The Secretary has considered the additional medical evidence and finds that plaintiff is entitled to DIB and SSI benefits. Upon consideration of the Secretary's modified findings of fact and decision on remand and the record herein, the Court, pursuant to 42 U.S.C. § 405(g), affirms the Secretary's decision on remand since it is supported by substantial evidence.

The Court's affirmance serves as the its final judgment in this matter and allows the Court to consider plaintiff's Motion for Attorney's Fees and Costs. *See* 28 U.S.C. § 2412(d)(1)(B) (party seeking award of attorney's fees and expenses shall file an application within 30 days of the final judgment in the action); *McDonald v. Schweiker,* 726 F.2d 311, 314 (7th Cir.1983) (plaintiff-claimant can apply for attorney's fees and expenses "as soon as [s]he has prevailed, i.e., as soon as the district court has entered final judgment"); *see also Massachusetts Union of Public Housing Ten-*

ants, *Inc. v. Pierce,* 755 F.2d 177, 179 (D.C.Cir.1985) (adopting the Seventh Circuit's analysis and holding in *McDonald,* 726 F.2d 311 (7th Cir.1983)). The issue of attorney's fees and costs has been fully briefed by the parties. Now that the Court has issued its final judgment on the merits, the Motion for Attorney's Fees and Costs is timely filed and ripe for adjudication.

## II. PLAINTIFF IS THE PREVAILING PARTY IN THIS LITIGATION, AND THE GOVERNMENT'S POSITION IS NOT SUBSTANTIALLY JUSTIFIED. THEREFORE, PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND EXPENSES.

■ It is well established that the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is applicable to actions for judicial review of decisions brought under the Social Security Act. *See, e.g., Guthrie v. Schweiker,* 718 F.2d 104, 107 (4th Cir.1983); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). Under Section 2412(d)(1)(A) of the EAJA, the Court shall award attorney's fees and expenses to a *prevailing party* [1], other than the United States, incurred by that party in proceedings for judicial review of agency actions "*unless* the Court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Moreover, plaintiff cannot recover attorney's fees incurred at the administrative level. *Cornella v. Schweiker,* 728 F.2d 978, 988 (8th Cir.1984); *Guthrie,* 718 F.2d at 107; *Berman v. Schweiker,* 713 F.2d 1290, 1296 (7th Cir.1983). Here plaintiff's Motion for Attorney's Fees and Costs only seeks compensation for litigation before this Court.

The Court finds that the plaintiff, by virtue of the Secretary's decision on remand that she is entitled to DIB and SSI

---

**1.** Section 28 U.S.C. § 2412(d)(2)(B) defines "party" as an individual whose net worth does not exceed $2,000,000 at the time the civil action was filed. Plaintiff has met this threshold standard. *See Complaint* at 1.

benefits, has received the relief which she sought in her action and is the prevailing party. Furthermore, based on the record before it, the Court finds that the position of the United States is not substantially justified. Accordingly, plaintiff's Motion for Attorney's Fees and Costs must be granted.

a. *The plaintiff has succeeded on the central issue in her underlying action and has received the relief she requested. Therefore, she is a prevailing party.*

■ The threshold determination that the Court must make is whether the plaintiff was the "prevailing party" in this action. While the EAJA does not define the term "prevailing party", the courts have construed its meaning on many occasions. The plaintiff is considered a prevailing party if she succeeded on a significant issue in the case and received some of the relief she requested. *E.g. Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1067 (D.C.Cir.1985) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)); *Martin v. Heckler,* 773 F.2d 1145, 1149 (11th Cir.1985); *see also Austin v. Department of Commerce,* 742 F.2d 1417, 1419 (Fed.Cir.1984). In cases involving claims under the Social Security Act, the plaintiff prevails where it has been determined that she is entitled to benefits. *See McGill,* 712 F.2d at 32. Here plaintiff clearly has prevailed on the merits of her claim since the Secretary has decided that she is entitled to receive DIB and SSI benefits which she had been denied previously.

b. *The Government's position in this litigation is not substantially justified. Therefore plaintiff's Motion for Attorney's Fees and Costs must be granted.*

■ Once the plaintiff has established that she was the prevailing party, the government has the burden of proving that its "position" was "substantially justified" in order to avoid liability for attorney's fees. *Massachusetts Fair Share,* 776 F.2d at 1068; *Nichols v. Pierce,* 740 F.2d 1249, 1259 (D.C.Cir.1984); *Spencer v. NLRB,* 712 F.2d 539, 557 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in,* 1980 U.S.Code Cong. & Ad.News 4984, 4989); *NAACP v. Donovan,* 554 F.Supp. 715, 717 (D.D.C.1982). Prior to the reenactment and amendment of the EAJA on August 5, 1985, Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, 99 Stat. 183 (1985), the term "position of the United States" was not defined by the Act. *See Spencer,* 712 F.2d at 547. The Court of Appeals for this Circuit interpreted "the position of the United States" to mean the posture that the government adopted in litigation before the Court. *See Spencer,* 712 F.2d at 548, 556.

■ However, under the reenactment, Section 2412(d)(2)(D) of the EAJA states that the "position of the United States" "means, in addition to the government's position in the civil action, the action or failure to act by the agency upon which the suit is based." 28 U.S.C. § 2412(d)(2)(D). Thus, it appears from the definition that the "position of the United States" includes both its litigation position before the Court and its position in the underlying agency action.

■ The underlying agency action which led to the plaintiff's filing her complaint was the Secretary of Health and Human Services' administrative decision denying plaintiff's claims for benefits. The Court subsequently found that the Secretary's decision was not supported by substantial evidence. *See Court's Order of June 12, 1985* at 5. According to the legislative history of the 1985 EAJA amendments, such a finding, in most cases, eliminates any possibility that the government's position is substantially justified:

Agency action found to be arbitrary and capricious *or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.* Only the most extraordinary special circumstances could permit such

an action to be found to be substantially justified under the Act.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S. Code Cong. & Ad. News 132, 138 (emphasis added); *see also Peterson v. United States Railroad Retirement Bd.*, 785 F.2d 245, 247 (8th Cir.1986). Defendant has not presented any special circumstances nor has the Court discovered any that would allow it to find the government's position was substantially justified.

■ The defendant has the burden of proving its position was substantially justified. The applicable test for substantial justification is "slightly more stringent than one for reasonableness." *Spencer,* 712 F.2d at 558 (citing S.Rep. No. 253, 96th Cong., 1st Sess. 8 (1979)); *see* H.R.Rep. No. 120, 99th Cong., 1st Sess. 9, *reprinted in* 1985 U.S. Code Cong. & Ad. News 132, 138 (the test for substantial justification must be more than "mere reasonableness"); *see also Massachusetts Fair Share,* 776 F.2d at 1068.

■ However, there is no presumption that the government's position was not substantially justified merely because it lost the case. Nor is the government required to establish that its decision to litigate was based on a "substantial probability of prevailing". *Spencer,* 712 F.2d at 557 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980) and S.Rep. No. 253, 96th Cong., 1st Sess. 6–7 (1979)); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984); *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n,* 672 F.2d 426, 430 (5th Cir.1983).

■ In this case the defendant-government's position is not substantially justified since the facts do not support the Secretary's original decision denying plaintiff benefits nor do they support the legal theory upon which the government relies. Defendant argued in its Motion for Affirmance of Judgment that the Secretary's decision to deny benefits to the plaintiff, Nancy Fleming, was supported by substantial evidence. Defendant contended that the medical evidence failed to disclose *any* objective evidence showing the existence of any significant and persistent physical impairments that could reasonably be expected to cause the plaintiff pain in her spine and joints. *See Defendant's Motion for Judgment of Affirmance* at 19. Moreover, defendant asserted that the plaintiff's mental impairment did not prevent her from performing "substantial gainful activity". *See id.* at 14.

Not only have these contentions been flatly rejected by the Court in its June 12, 1985 Order but the Appeals Council's recent decision provides more evidence which is contrary to the Secretary's original decision. Upon remand the Appeals Board specifically stated that "[the changes on the plaintiff's x-rays] *do* provide an objective basis for the existence of pain. Attending physicians of record have described a consistent history of paravertebral muscle spasm which has been recurrent in spite of medication and treatment. During a consultative examination in November, 1980, it was also noted that EKG showed technical interference in limb and chest leads due to pain." *Appeals Council Final Decision* at 2 (emphasis added).

The Appeals Council went on to state that "the consistent pattern of spasm and pain on motion indicates that the claimant's range of motion has in fact been significantly compromised by her musculoskeletal impairment.... attending physicians have documented the fact that the claimant has not responded to treatment." *Id.* Moreover, "a consultant who performed an examination in November 1980 described the claimant as unfit for any type of work, and examinations in June 1982, May 1983 and December 1983 described physical limitations inconsistent with the capacity to do light work." *Id.* Thus, it is clear from the record that there is and has always been substantial evidence supporting plaintiff's claim for benefits based on her physical impairments.

The Appeals Council also found that plaintiff's physical impairments and her inability to concentrate due to her mental impairment precluded her from performing a significant number of jobs. *Id.* at 5. Consequently, plaintiff was entitled to DIB and SSI benefits.

Based on the record before it, the Court finds that the defendant's position that the Secretary's decision denying plaintiff benefits was supported by substantial evidence is meritless. Moreover, the Court finds defendant's argument that the Appeals Council's most recent decision granting plaintiff benefits turned primarily on the evaluation of the plaintiff's mental impairment under newly promulgated rules and was "not due to any deficiency in the original adjudication" is unfounded. While the plaintiff's case was reviewed under the new rules, the record is replete with evidence of plaintiff's longstanding physical and mental impairments. In short, the plaintiff's medical history does not support the Secretary's original decision to deny plaintiff benefits nor does it uphold the government's position in the litigation before this Court. Accordingly, the Court must grant plaintiff's Motion for Attorney's Fees and Costs.

## III. PLAINTIFF'S COUNSEL IS ENTITLED TO $4,107.15 IN ATTORNEY'S FEES AND COSTS

Under Section 2412(d)(1)(A) of the EAJA the Court must award attorney's fees to a party once it has determined that party is the prevailing party and that the government's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Under this statute as with 42 U.S.C. § 1988, the courts utilize the "lodestar" formula to calculate the award for attorney's fees namely, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433 & n. 7, 103 S.Ct. 1933, 1939 & n. 7, 76 L.Ed.2d 40 (1983); *Murray v. Weinberger,* 741 F.2d 1423, 1427 (D.C.Cir.1984);

*Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) *(en banc).* In exceptional circumstances this sum may then be adjusted upward by special factors. *Blum,* 465 U.S. at 897, 901, 104 S.Ct. at 1548, 1550; *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940; *Murray v. Weinberger,* 741 F.2d at 1428–29; *Copeland,* at 892.

 The plaintiff has the burden of proving that she is entitled to attorney's fees. *Blum,* 465 U.S. at 897, 104 S.Ct. at 1548; *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941; *see also Action on Smoking and Health,* 724 F.2d at 220; *NAACP v. Donovan,* 554 F.Supp. at 718. Here the plaintiff has met her burden by submitting an application for fees and expenses with the Court and the detailed affidavit of E. Marie Wilson-Lindsay, the managing attorney at Neighborhood Legal Services Program, who represented the plaintiff throughout this action. *See Hensley,* 461 U.S. at 433, 437, 103 S.Ct. at 1939, 1941; *National Ass'n of Concerned Veterans,* 675 F.2d 1319, 1337 (D.C.Cir.1982). Plaintiff asserts that her attorney is entitled to $3,892.50 in attorney's fees, an additional amount of $194.62 to take into account a 5% inflation factor, and $75.15 in costs for photocopying.

Once plaintiff has met her burden, it then shifts to the defendant to show that the amount should be reduced or denied. *National Ass'n of Concerned Veterans,* 675 F.2d at 1337–38 (Tamm, J., concurring); *see also NAACP v. Donovan,* 554 F.Supp. at 718. Here the defendant has not challenged the hours expended, the hourly rate, or the photocopying expenses submitted by plaintiff. Defendant has only opposed the 5% inflation factor arguing that the plaintiff has not presented any evidence that the "prevailing market rates" for attorneys representing social security claimants are above the $75 hourly rate which Congress established in the EAJA, 28 U.S.C. § 2412(d)(2)(A)(ii).

However, defendant's argument ignores the thrust of the plaintiff's claim. Plaintiff contends that the requested attorneys fees should be increased because of the rise in

the cost-of-living. Section 2412(d)(2)(A)(ii) expressly allows the Court to make a cost-of-living adjustment. As plaintiff indicates, the Court of Appeals for this Circuit has allowed compensation for cost-of-living increases. *See Massachusetts Fair Share*, 776 F.2d at 1069; *Action on Smoking and Health v. Civil Aeronautics Board*, 724 F.2d 211, 219–220 (D.C.Cir.1984). As the court in *Action on Smoking and Health* noted, "[b]y specifying inflation as a 'special factor,' Congress indicated its concern that lawyers receiving fees at different times obtain equivalent value." *Action on Smoking and Health*, 724 F.2d at 219. There is no question but that $75 today is not worth as much as $75 at the time the EAJA was enacted or at the time this litigation was brought. In keeping with the policy underlying the inflation provision of the EAJA and the decisions of this Circuit, the Court finds plaintiff's request for a 5% inflation increase appropriate and will increase the fee award by that amount.

 Based on the documentation provided by the plaintiff and the lack thereof by defendant, the Court makes the following determination as to the amount of fees and expenses which plaintiff's counsel is entitled to receive.

It is axiomatic that attorneys claiming fees from the government must exercise billing judgment. Counsel must "make a

good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939; *see also Action on Smoking and Health*, 724 F.2d at 220. "It does not follow that amount of time *actually* expended is the amount of time *reasonably* expended." *Copeland*, 641 F.2d at 891 (emphasis in original). Here plaintiff contends that her attorney spent 51.9 hours on this litigation. After reviewing the affidavit detailing the date and time spent on work connected with this case, the Court finds that with one exception, the attorney's time was reasonably expended. Plaintiff's attorney spent .7 of an hour filing the Motion for Cross Judgment with the Court. This is a task that could be performed by a staff member other than an attorney. Therefore, this time is deducted from the total. This leaves plaintiff with a total of 51.2 hours.

The Court next examines the hourly rate of $75 requested by plaintiff. This rate is the maximum rate permitted under the EAJA. Given counsel's background and experience in the area of social security law, the $75 hourly rate is reasonable. Accordingly, the number of hours reasonably expended will be multiplied by this rate. The 5% inflation factor will then be added to this amount:

| Attorney | Hours | x | Rate | = | Fee | + | Inflation | = | Total |
|---|---|---|---|---|---|---|---|---|---|
| Wilson-Lindsay | 51.2 | | $75 | | $3840 | | $192 | | $4032 |

 Plaintiff also requests $75.15 for photocopying costs. Under the EAJA, costs for photocopying are compensible. *Action on Smoking and Health*, 724 F.2d at 224; *NAACP v. Donovan*, 554 F.Supp. at 719; *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 353 (D.D.C.1982). Thus, these costs, which defendant does not dispute, will be added to the amount awarded in attorney's fees. Accordingly, the Court awards the plaintiff a total of $4107.15 as compensation for attorney's fees and costs under the EAJA. An Order in accordance

with the foregoing shall be issued of even date herewith.