**Jim BENSMAN, Plaintiff–Appellant,**

v.

**UNITED STATES FISH AND WILD-LIFE SERVICE and United States Department of the Interior, Defendants–Appellees.**

No. 02–1395.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 28, 2002.

Rehearing Denied Dec. 17, 2002.

Before Hon. COFFEY, Hon. EASTERBROOK, and Hon. MANION, Circuit Judges.

ORDER

Jim Bensman was awarded costs in his pro se Freedom of Information Act litigation, but he believes the amount too little. Bensman appeals, and we affirm.

Bensman, an environmental activist, sued under FOIA, 5 U.S.C. § 552, to compel the Fish and Wildlife Service and the Department of the Interior to produce withheld documents that Bensman sought in connection with his efforts to protect a species of bat. The district court held that Bensman was entitled to limited production, and ordered the agencies to turn over several nonexempt items to Bensman. The court later concluded that Bensman had substantially prevailed and was entitled to costs under § 552(a)(4)(E), and on December 18, 2001, after reviewing Bensman's bill of costs, the district court awarded him $464.14.

The court, however, denied Bensman's requests to be compensated for his time spent working on contempt and sanctions motions he filed in the FOIA litigation, and to be reimbursed $14.87 for a new shirt and $200 for computer and software expenses. On January 14, 2001, the court denied Bensman's motion for reconsideration of this award. In his brief on appeal, Bensman takes issue with rulings made by the district court in the underlying FOIA litigation, but we have previously held that the appeal now before us is limited to a review of the orders of December 18 and January 14. As far as those orders, Bensman contends that the excluded amounts

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

should have been included in the award of costs.

We agree with the district court's conclusion that Bensman's demand to be paid for his personal work time is properly interpreted as a request for attorney's fees, which pro se litigants cannot recover under FOIA. 5 U.S.C. § 552(a)(4)(E); *De-Bold v. Stimson*, 735 F.2d 1037, 1042–43 (7th Cir.1984). Even when a pro se litigant performs the same tasks as an attorney, he is not entitled to reimbursement for his time. *Id.* at 1042–43. Bensman, moreover, lost the motions for which he sought compensation.

We also agree that Bensman was not entitled to reimbursement for a new shirt and the computer expenses. FOIA authorizes reimbursement for reasonably incurred costs, 5 U.S.C. § 552(a)(4)(E), and the district court granted Bensman costs totaling $464.14, but found that the new shirt and the use of his computer did not qualify. We have not previously discussed what does and does not constitute reasonable costs, but the Second Circuit has done so. The Second Circuit has delineated between overhead charges and ones that are out-of-pocket, and would be reasonably charged to paying clients and therefore recoverable. *See Le–Blanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.1998) (requiring district court to distinguish between costs that are overhead and others that would be reasonably charged to clients); *see also Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933 (2d Cir.1987) (expenses for photocopying, postage, typing, transportation, and parking are reasonably incurred costs, but payment for books available in the library is not). A

shirt, and the expense of purchasing a computer and software are at best akin to overhead expenses that are considered part of attorney's fees. *See In re Establishment Inspection of Microcosm*, 951 F.2d 121, 126 (7th Cir.1991); *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 861 (7th Cir.1981). As discussed above, attorney's fees are not available for pro se litigants, so the district court was within its discretion when it denied Bensman's reimbursement request for the shirt and his computer use.

AFFIRMED.