**Shay LIBERMAN, Plaintiff,**

v.

**Jo Anne B. BARNHART Commissioner of Social Security, Defendant.**

**No. 98CV494 (ADS).**

United States District Court, E.D. New York.

Nov. 19, 2002.

Shay Liberman, Hauppauge, NY, Pro Se Plaintiff.

Roslynn R. Mauskopf, United States Attorney by Assistant United States Attorney Gail A. Matthews, Brooklyn, NY, for Defendant.

## ORDER

SPATT, District Judge.

This case involves an application for social security disability insurance benefits. Presently before the Court is a motion by the *pro se* plaintiff Shay Liberman ("Liberman" or the "plaintiff") to recover attorneys' fees, expenses and costs pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d) and the Social Security Act, 42 U.S.C. § 406(b).

## I. BACKGROUND

On January 28, 1998, the plaintiff filed a complaint in the Eastern District of New York seeking review of a final administrative decision of the Commissioner of the Social Security Administration (the "Commissioner") which denied his application for social security disability insurance benefits. Thereafter, the Commissioner moved to remand the case for further administrative proceedings because, among other things, the Administrative Law Judge failed to note the weight that he gave to the opinion of the treating physi-

cian and his reasons for finding that the plaintiff's testimony of pain and functional limitations was not credible. On August 31, 1999, the Court granted the motion remanding the case for further administrative proceedings. Unsatisfied with that decision, the plaintiff filed an appeal with the Second Circuit. On February 17, 2000, the Second Circuit dismissed the appeal because the remand order was not final under 28 U.S.C. § 1291. On June 14, 2001, the plaintiff filed a motion to recover attorneys' fees, expenses and costs pursuant to the EAJA and the Social Security Act.

## II. DISCUSSION

### A. Attorneys' Fees

■ The EAJA provides in pertinent part that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For the purposes of this subsection " 'fees and other expenses' includes ... reasonable attorney fees...." 28 U.S.C. § 2412(d)(2)(A). It is well-settled that a *pro se* litigant is not entitled to attorneys' fees under the EAJA. *Sec. & Exch. Comm'n v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir.1994). Because the plaintiff proceeded *pro se* at all stages of this action before the district court and the Second Circuit, he is not entitled to attorneys' fees under the EAJA.

The Social Security Act provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1). Because the plaintiff was not represented by counsel at any point during the stages of this action, he is not entitled to attorneys' fees under the Social Security Act. Accordingly, his motion for attorneys' fees is denied.

### B. Expenses

The EAJA provides for "fees and expenses" that include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case...." 28 U.S.C. § 2412(d)(2)(A). In addition to the above items, courts permit litigants to recover telephone, postage, travel, and photocopying costs under the EAJA. *Aston v. Sec. of Health and Human Servs.*, 808 F.2d 9, 12 (2d Cir.1986).

■ In his reply papers, the plaintiff states that he incurred $475 for various expenses including postage, copies, stationary, transportation, and telephone calls. However, the plaintiff's papers fail to comply with the requirements of the EAJA because they lack an itemized statement and the required allegation that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). In addition, the Social Security Act is silent on a litigant's right to recover the above-noted expenses from the government and, therefore, provides no right of recovery. Accordingly, the motion for expenses is denied.

### C. Costs

■ Under the EAJA, the plaintiff is not entitled to costs because he proceeded *pro se* at all stages of this action. *See Maida v. Callahan*, 148 F.3d 190, 193 (2d Cir.1998) (preventing the recovery of costs against the government under the EAJA "where the potential awardee has proceeded under the *in forma pauperis* statute."). Also, the Social Security Act does not provide a theory to recover costs because the Act is silent on a litigant's right to recover them from the government. *See id.* at 192. Accordingly, the motion to recover costs is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion for attorneys' fees, expenses and costs is denied; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**