124 T.C. No. 7


UNITED STATES TAX COURT



JOHN M. & REBECCA A. DUNAWAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10542-03.          Filed March 14, 2005.


        Petitioners are pro se litigants.

        <u>Held</u>:  Under sec. 7430, I.R.C., petitioners are
not entitled to recover as litigation costs any amounts
representing the value of their research time.

        <u>Held</u>, <u>further</u>, petitioners are entitled to recover
as litigation costs out-of-pocket postage and delivery
costs and their mileage costs and parking fees incurred
to attend a court hearing.



John M. Dunaway and Rebecca A. Dunaway, pro sese.

<u>Thomas J. Travers</u> and <u>Aimee R. Lobo-Berg</u>, for respondent.

OPINION

SWIFT, Judge:  This case is before us under section 7430 on petitioners' motion for litigation costs.  Respondent determined a deficiency of $728 in petitioners' 2001 Federal income tax, which determination respondent has conceded.

Respondent agrees that his position in his notice of deficiency was not substantially justified and that petitioners are to be regarded herein as the prevailing party for purposes of the instant motion for litigation costs.  Also, respondent has conceded that petitioners are entitled to recover $95.06 in litigation costs consisting of the $60 Court filing fee and $35.06 in postage and delivery costs.

The primary issues for decision are whether the pro se petitioners herein are entitled to recover as litigation costs: (1) Amounts representing the value of their research time and (2) additional out-of-pocket postage and delivery costs and out-of-pocket mileage costs and parking fees incurred by petitioner[1] to attend the Court hearing in this matter.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1]  All references to petitioner in the singular are to petitioner John M. Dunaway.

Background

At the time the petition was filed, petitioners resided in Meridian, Idaho.

Petitioners timely filed their 2001 joint Federal income tax return. On June 16, 2003, respondent mailed to petitioners the notice of deficiency.

On June 21, 2003, petitioners mailed to the Court by certified mail a three-page letter, which was filed by the Court as petitioners' petition (original petition). With the original petition, petitioners did not submit the $60 Court filing fee that was due. Rule 20(b). The envelope in which the original petition was mailed is in evidence, and a postage cost therefor of $4.65 is indicated on the envelope.

On August 26, 2003, petitioners mailed to the Court by certified mail an amended petition, in proper form, and included the $60 filing fee.

On or about March 19, 2004, after various communications with petitioners,[2] respondent conceded the $728 tax deficiency determined against petitioners, and petitioners mailed to respondent's Portland office by certified mail a letter in which petitioners set forth their claim for litigation costs.

On April 19, 2004, at a cost of $15.95, petitioners delivered to the Court via Federal Express their motion for an award of litigation costs with an attached expense report

_____

[2] The nature of these referenced communications is not reflected in the record, and petitioners claim no costs relating thereto.

(original expense report).  Therein, petitioners claimed costs of $60 for the Court filing fee, $66.29 for postage, delivery, and office supplies, $200 for lost wages, and $783 for the purported value of petitioners' research time.[3]

Also in April of 2004, at a cost of $13.77, petitioners delivered to respondent via Federal Express additional documents relating to their motion for litigation costs.

On May 4, 2004, a hearing on petitioners' motion for litigation costs was held in Boise, Idaho.  To attend the hearing, petitioner drove his car the 30-mile round trip from petitioners' home in Meridian to the courthouse in Boise,[4] and petitioner incurred $3 to park his car while attending the Court hearing.  Petitioner's wife did not accompany petitioner to the courthouse and apparently went to work.

On June 8, 2004, petitioners mailed to the Court by certified mail a revised five-page expense report which claimed $10.50 relating to the automobile mileage costs to travel to the

---

[3]  Petitioners calculated the $200 in lost wages in anticipation that both petitioners would attend the scheduled Court hearing on May 4, 2004, and that each petitioner would lose $100 in wages to do so.  The $783 for petitioners' research time was calculated at $5.25 per hour for 141 hours.  Included in the research time are time estimates for making phone calls and emails, which time also apparently was calculated at the same $5.25 hourly rate.

[4]  Under Fed. R. Evid. 201, the Court takes judicial notice of the location of Meridian, Idaho, approximately 15 miles from Boise.

May 4, 2004, Court hearing[5] and $3 relating to the parking fee. The revised expense report also reflected a reduction to $88.96 for petitioner's lost wages,[6] an increase to $158.64 for postage, delivery, and office supplies, and an increase to $1,248.90 relating to the purported value of petitioners' research time.[7]

On September 28, 2004, petitioners also mailed to the Court by certified mail petitioners' reply to respondent's memorandum brief (petitioners' reply brief). The envelope in which petitioners' reply brief was mailed is in evidence, and a mailing cost of $4.42 is indicated thereon. We note that petitioners apparently did not serve upon respondent's counsel copies of any of the documents that petitioners submitted to the Court, and petitioners do not claim any postage or delivery costs relating to service copies.

Below is a schedule, by category, of petitioners' claimed litigation costs, reflecting the differing amounts petitioners claim in their original and in their revised expense reports:

---

[5] Petitioners calculated the $10.50 mileage costs at $0.35 per mile for 30 miles.

[6] The reduced $88.96 for lost wages was calculated at $11.12 per hour for 8 hours.

[7] The increased $1,248.90 relating to petitioners' research time actually reflected a reduction from 141 hours in the original expense report to 128 hours in the revised expense report, but the increased $1,248.90 apparently included additional alleged costs of phone calls, copying, and office supplies. The record does not indicate the hourly rate petitioners used in their revised calculation.

| Type of Cost | Original Expense Report | Revised Expense Report |
|---|---|---|
| Court filing fee | $ 60.00 | $ 60.00 |
| Research time | 783.00 | 1,248.90 |
| Lost wages | 200.00 | 88.96 |
| Postage, delivery, and office supplies | 66.29 | 158.64 |
| Mileage | -- | 10.50 |
| Parking | -- | 3.00 |
| Total | $1,109.29 | $1,570.00 |

Discussion

A prevailing party may be awarded reasonable litigation costs incurred in connection with a case filed in this Court. Sec. 7430(a); Rule 230.

Respondent concedes that petitioners qualify as prevailing parties under the requirements of section 7430(c)(4) and that no limitation under section 7430(b) applies to preclude petitioners from qualifying for an award of litigation costs under section 7430(a). As stated above, respondent concedes that petitioners are entitled to an award of litigation costs of $60 for the Court filing fee and $35.06 for various postage and delivery costs.

Value Relating to Research Time

Petitioners claim that they are entitled to recover as litigation costs under section 7430 $1,248.90 relating to the value of petitioners' research time.[8]

_____

[8] With two exceptions, we treat as the costs at issue herein only those costs reflected in petitioners' revised expense report.

Respondent argues that petitioners are not entitled to recover anything for the value relating to petitioners' research time.

The courts have consistently held that under section 7430 pro se taxpayers may not be awarded an amount reflecting the value of their personal time in handling the litigation, even though fees taxpayers pay to attorneys to handle the litigation would be recoverable.  See, e.g., <u>Frisch v. Commissioner</u>, 87 T.C. 838, 846-847 (1986) (pro se taxpayer, who also was an attorney, not entitled to the value of his time in handling the litigation).  Petitioners are not entitled to an award under section 7430 with respect to the value or costs relating to petitioners' research time.

Petitioners also argue that, at the least, they should be able to recover wages petitioner lost on May 4, 2004, the day of the Court hearing, a Monday on which petitioner would have worked had it not been necessary to attend the hearing.  At the hearing, petitioner acknowledged that he had paid vacation leave available from his employer in order to attend the May 4, 2004, hearing, but that he was not planning to take such paid leave.  The evidence does not indicate whether petitioner ultimately took paid leave, and we do not know whether petitioner actually lost any wages to attend the May 4, 2004, hearing.  For lack of substantiation and without deciding the legal issue as to whether petitioner as a pro se litigant would have been entitled to recover as litigation costs an amount reflecting lost wages, we

do not award petitioners herein litigation costs with respect to claimed lost wages.

## Postage & Delivery Costs

As indicated, respondent concedes that petitioners, under section 7430, are entitled to recover a total of $35.06 in postage costs.  Set forth in the schedule below for each mailing and delivery are the total amounts petitioners claim they are entitled to recover as postage and delivery costs under section 7430 and the specific amounts respondent concedes:

| Date | Postage & Delivery Costs | Petitioners Claim | Respondent Concedes |
|---|---|---|---|
| 06/21/03 | Postage for original petition | $ 4.65 | -- |
| 08/26/03 | Postage for amended petition | [1]117.70 | $ 2.67 |
| 03/19/04 | Postage for letter to IRS | 4.42 | 2.67 |
| 04/19/04 | Federal Express motion to Court | [2]15.95 | 15.95 |
| 04/--/04 | Federal Express letter to IRS | 13.77 | 13.77 |
| 04/--/04 | Postage for unspecified mailing | [3]8.50 | -- |
| 06/08/04 | Postage for revised expense report to Court | 9.60 | -- |
| 09/28/04 | Postage for reply brief to Court | [4]4.42 | -- |
| | Total | $179.01 | $35.06 |

[1] This $117.70 reflects postage cost and the purported cost of office supplies.  Petitioners do not separately identify the costs of postage and office supplies relating to this Aug. 26, 2003, mailing.

[2] This $15.95 was omitted from petitioners' revised expense report, but such amount was included in the original expense report and was conceded by respondent.  We include the cost of this Apr. 19, 2004, delivery as part of petitioners' motion for litigation costs.

[3] Petitioners claim that this $8.50 represents postage and office supplies relating to an alleged April 2004 mailing, but no evidence indicates that this mailing occurred.

[4] This $4.42 relates to the certified mailing of petitioners' reply brief, which was submitted after petitioners' revised expense report.  We include the cost of this Sept. 28, 2004, mailing as part of petitioners' motion for litigation costs.

With regard to the June 21, 2003, mailing to the Court, the envelope in which petitioners mailed the original petition verifies that petitioners incurred a cost of $4.65.

With regard to the August 26, 2003, mailing to the Court, respondent has conceded $2.67, but petitioners claim $117.70 for postage and related office supplies. The amended petition consists of the same number of pages as the original petition, and we conclude that petitioners likely incurred the same cost to mail the amended petition as they incurred to mail the original petition, or $4.65. The record does not contain any substantiation of additional office supplies purchased in connection with this mailing, and we do not award petitioners any amount with regard thereto.

With regard to the March 19, 2004, mailing to respondent, respondent has conceded $2.67, but petitioners claim $4.42. The March 19, 2004, letter is not contained in the record, but respondent has conceded its existence, and in light of the established cost of petitioners' other mailings, we conclude that petitioners incurred a cost of $4.42 to mail the March 19, 2004, letter to respondent.

With regard to the two April 2004 Federal Express deliveries (one to respondent and one to the Court), respondent has conceded the full amounts claimed by petitioners.

With regard to an alleged April 2004 mailing, petitioners claim $8.50 for postage and office supplies. The record does not contain any substantiation of this purported mailing.

With regard to the June 8, 2004, mailing to the Court of the five-page revised expense report, petitioners claim to have incurred an estimated cost of $9.60. The evidence indicates that

the cost to mail the revised expense report likely was at least as much as the cost to mail the original and amended petitions, which each were three pages. Petitioners have not substantiated a higher amount for the cost of this mailing. We conclude that petitioners incurred a cost of $4.65 to mail the revised expense report.

The envelope in which petitioners' reply brief was mailed to the Court verifies that petitioners incurred a cost of $4.42 with regard thereto.

We award petitioners a total of $52.51 for postage and delivery costs, which includes the $35.06 respondent already has conceded, as summarized below:

| Date | Awarded Postage and Delivery Costs | Amount |
|------|-----------------------------------|--------|
| 06/21/03 | Postage for original petition to Court | $ 4.65 |
| 08/26/03 | Postage for amended petition to Court | 4.65 |
| 03/19/04 | Postage for letter to IRS | 4.42 |
| 04/--/04 | Federal Express letter to IRS | 13.77 |
| 04/19/04 | Federal Express motion to Court | 15.95 |
| 06/08/04 | Postage for revised expense report to Court | 4.65 |
| 09/28/04 | Postage for reply brief to Court | 4.42 |
| | Total | $52.51 |

## Mileage & Parking

The amounts petitioners claim they are entitled to recover under section 7430 relating to mileage and parking costs are as follows:

| Date | Type of Cost | Amount |
|------|-------------|--------|
| 05/04/04 | Mileage | $10.50 |
| 05/04/04 | Parking | 3.00 |
| | Total | $13.50 |

The parties are in significant disagreement, as a matter of law, with regard to whether petitioners are entitled to recover under section 7430 their out-of-pocket costs for mileage and parking fees. Petitioners argue that their out-of-pocket costs qualify as general "litigation costs" under the language of section 7430(c)(1). Respondent argues that because petitioners' out-of-pocket costs do not fall within any of the specific categories of recoverable costs under section 7430(c)(1)(A) through (B)(iii) such costs, as a matter of law, are not recoverable.

Set forth below is the relevant language of section 7430(c):

> SEC. 7430(c). Definitions.--For purposes of this section--
>
>> (1) Reasonable litigation costs. The term "reasonable litigation costs" includes--
>>
>>> (A) reasonable court costs, and
>>>
>>> (B) based upon prevailing market rates for the kind or quality of services furnished--
>>>
>>>> (i) the reasonable expenses of expert witnesses * * *,
>>>>
>>>> (ii) the reasonable cost of any study, analysis, engineering report, test, or project * * *, and
>>>>
>>>> (iii) reasonable fees paid or incurred for the services of attorneys * * *.

It is respondent's position that mileage and parking costs are not recoverable under section 7430(c)(1)(B)(iii) when they were incurred by the taxpayer or by an attorney hired by the taxpayer and included as part of the fees and costs reimbursed to

the attorney. Respondent refers us to three memorandum opinions of this Court that have held that mileage and parking costs incurred by pro se taxpayers are not expenses which qualify as recoverable litigation costs under section 7430(c)(1). Petito v. Commissioner, T.C. Memo. 2002-271 (mileage and parking fees denied); Mason v. Commissioner, T.C. Memo. 1998-400 (mileage denied); Buck v. Commissioner, T.C. Memo. 1993-16 (mileage and parking fees denied).

None of these memorandum opinions that deal with pro se taxpayers, however, elaborates at any length on its rationale for excluding out-of-pocket costs for mileage and parking fees from the general definition of litigation costs under section 7430(c)(1), and memorandum opinions of this Court are not regarded as binding precedent. Nico v. Commissioner, 67 T.C. 647, 654 (1977), revd. in part on other grounds 565 F.2d 1234 (2d Cir. 1977).

We note that respondent's argument (that petitioners are not entitled to recover out-of-pocket costs such as mileage and parking fees because they are not enumerated under section 7430(c)(1)(A) through (B)(iii)) is inconsistent with respondent's concession herein that petitioners are entitled to recover $35.06 in substantiated, out-of-pocket postage and delivery costs, which also are not enumerated in section 7430(c)(1)(A) through (B)(iii).

We also note that Federal courts interpreting other attorney's fee award statutes generally have allowed pro se

litigants to recover out-of-pocket costs such as mileage and parking fees.

Under the general language of the attorney's fee award statute of the Freedom of Information Act (FOIA), 5 U.S.C. sec. 552(a)(4)(E) (2000),[9] two Courts of Appeals and one District Court have allowed pro se litigants to recover mileage and parking fees.  Bensman v. United States Fish & Wildlife Servs., 49 Fed. Appx. 646, 647 (7th Cir. 2002) (transportation costs and parking fees awarded); Kuzma v. IRS, 821 F.2d 930, 933 (2d Cir. 1987) (transportation costs, parking fees, and other out-of-pocket costs awarded); Blazy v. Tenet, No. 93-2424, 1998 U.S. Dist. LEXIS 22649, at *8-9 (D.D.C. Apr. 6, 1998) (mem.) (postage and transportation costs generally awardable if substantiated).

Under the attorney's fee award statute of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412 (2000),[10] the language of which closely resembles the relevant language of section 7430(c)(1), at least two District Court opinions have awarded pro

---

[9]  The Freedom of Information Act, 5 U.S.C. sec. 552(a)(4)(E) (2000), provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

[10]  The relevant language of the Equal Access to Justice Act, 28 U.S.C. sec. 2412(d)(2) (2000), provides:

> (2).  For the purposes of this subsection--
>     (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees * * *.

se litigants mileage and parking fees. <u>Liberman v. Commr. of Soc. Sec.</u>, 232 F. Supp. 2d 18, 20 (E.D.N.Y. 2002) (in addition to items specifically listed in the statutory language, "courts permit [pro se] litigants to recover telephone, postage, travel, and photocopying costs under the EAJA"); <u>March v. Brown</u>, 7 Vet. App. 163, 170 (1994) (a pro se litigant may, if a prevailing party, recover "all * * * 'expenses [including postage and transportation costs] ordinarily arising in the course of providing legal services' to a client", quoting <u>Cook v. Brown</u>, 6 Vet. App. 226, 237-240 (1994)). But see <u>Kooritzky v. Herman</u>, 6 F. Supp. 2d 1, 13 (D.D.C. 1997) (awarded pro se litigant photocopying costs but not taxi fares and postage), revd. on other grounds 178 F.3d 1315 (D.C. Cir. 1999).

In cases under the attorney's fee award provisions of EAJA, as in this case involving section 7430, the Government has resisted any award of various out-of-pocket costs even when the costs were incurred by attorneys on behalf of their clients. Most courts have rejected such a narrow reading of the statutory provisions and generally have allowed such out-of-pocket costs to be recovered. In <u>Intl. Woodworkers of Am., Local 3-98 v. Donovan</u>, 792 F.2d 762, 767 (9th Cir. 1986), the Ninth Circuit Court of Appeals, to which an appeal in this case would lie, stated that the "expenses enumerated in [EAJA] are set forth as examples, not as an exclusive list" and awarded postage, courier, telephone, and attorney travel costs as "routine under all other fee statutes". See also, e.g., <u>Kelly v. Bowen</u>, 862 F.2d 1333,

1335 (8th Cir. 1988) (items listed only "examples of expenses for which compensation may be granted"); <u>Oliveira v. United States</u>, 827 F.2d 735, 744 (Fed. Cir. 1987) (court has authority to award costs "customarily charged to the client"; trial court must "use its discretion, in view of the record before it, to determine whether a specific expense may be recovered"); <u>Aston v. Secy. of Health & Human Servs.</u>, 808 F.2d 9, 12 (2d Cir. 1986) ("examples of allowable expenses set out in [EAJA] are not exclusive"; postage, transportation, telephone, and photocopying costs reimbursable as reasonable fees and expenses); <u>Hoopa Valley Tribe v. Watt</u>, 569 F. Supp. 943, 947 (N.D. Cal. 1983) (EAJA defines "other expenses" such as travel and telephone calls incurred by plaintiff's attorneys "by example, rather than by limitation" due to the statute's use of the word "includes").

The Tenth Circuit and the D.C. Circuit Courts of Appeals are the only two Courts of Appeals of which we are aware that have held that only costs specifically enumerated in the statute are recoverable under EAJA even when the out-of-pocket costs are incurred by a litigant's attorney.  See, e.g., <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986) ("Costs for travel expenses and postage fees are not authorized"); <u>Mass. Fair Share v. Law Enforcement Assistance Admin.</u>, 776 F.2d 1066, 1069-1070 (D.C. Cir. 1985) (photocopying costs recoverable, but no award for postage and messenger services, taxi fares and other travel costs, or telephone); <u>Action on Smoking & Health v. Civil Aeronautics Bd.</u>, 724 F.2d 211, 224 (D.C. Cir. 1984) (photocopying

costs recoverable under EAJA, but no award for postage, taxi fares, or other out-of-pocket costs), citing NAACP v. Donovan, 554 F. Supp. 715, 719 (D.D.C. 1982) (recoverable "costs" are limited to those costs enumerated under 28 U.S.C. sec. 1920, and EAJA's provision for recovery of "fees and other expenses" was not intended to include postage, transportation, meals, or other related expenses).

Under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. sec. 1988 (2000), at least two Courts of Appeals, involving litigants represented by attorneys, have awarded costs beyond those specifically enumerated by the statutory language, and we have found none that limits awardable costs to only those specifically enumerated. See Dowdell v. Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983) ("with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under [42 U.S.C.] section 1988", including postage, travel, and telephone); Northcross v. Bd. of Educ., 611 F.2d 624, 639 (6th Cir. 1979) ("reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services", such as travel and telephone costs, recoverable under 42 U.S.C. section 1988).

In cases involving section 7430 and out-of-pocket costs incurred by attorneys on behalf of their clients, the courts,

including this Court, uniformly allow an attorney's fee award to include various out-of-pocket costs.  See <u>United States v. Sam Ellis Stores, Inc.</u>, 768 F. Supp. 286, 290 (S.D. Cal. 1991) (costs for mileage awarded), affd. 981 F.2d 1260 (9th Cir. 1992); <u>Austin v. Commissioner</u>, T.C. Memo. 1997-157 (costs for mileage and parking fees awarded); see also <u>Powers v. Commissioner</u>, 100 T.C. 457, 493 n.13 (1993) (itemized mileage and parking costs deemed conceded by respondent and awarded by the Court), affd. in part and revd. in part on other grounds 43 F.3d 172 (5th Cir. 1995).

We perceive no material distinction between substantiated out-of-pocket costs recoverable by a taxpayer who is represented by an attorney and substantiated out-of-pocket costs incurred by a taxpayer who is not represented by an attorney.

Also, with regard specifically to out-of-pocket costs incurred by pro se taxpayers, we perceive no distinction between those out-of-pocket costs conceded by respondent herein (such as postage and delivery costs) and those out-of-pocket costs that are disputed herein (such as mileage and parking fees).  Neither type of out-of-pocket cost is specifically enumerated under section 7430(c)(1), and both types of out-of-pocket costs would appear to be recoverable only under a broad meaning of the word "includes" as used in section 7430(c)(1).

Further, it is helpful to consider how courts have interpreted the specific word "includes" in the context of a number of different statutory provisions.  Generally, the word "includes" is interpreted by the courts as a word of enlargement,

not of limitation. See, e.g., <u>Fed. Land Bank v. Bismarck Lumber Co.</u>, 314 U.S. 95, 100 (1941) (the term "including" used in a section of the Federal Farm Loan Act of July 17, 1916, ch. 245, 39 Stat. 380, is not one of all-embracing definition but connotes simply an illustrative application of a general principle); <u>Chemehuevi Indian Tribe v. Cal. State Bd. of Equalization</u>, 757 F.2d 1047, 1054 (9th Cir. 1985) (definitional term "includes" used in a section of the California Revenue and Taxation Code governing cigarette tax is one of enlargement, not of limitation), revd. on other grounds 474 U.S. 9 (1985); <u>Heffner v. Ketchen</u>, 296 P. 768, 770 (Idaho 1931) (the word "including" used in an Idaho tax lien statute is generally a term of enlargement, may be used as a word of addition, and indicates something not included, being sometimes used as equivalent to "also" or "and").

Of particular interest is the fact that the word "includes" as used in the Internal Revenue Code (or its predecessors) has been interpreted by the courts broadly. See, e.g., <u>Fid. Trust Co. v. Commissioner</u>, 141 F.2d 54, 57 (3d Cir. 1944) (in view of section 1111(b), a trust was considered a transferee although section 526(f) of the Internal Revenue Code of 1932, ch. 209, 47 Stat. 257, defining transferee, did not enumerate trusts as part of the definition of "transferee"); <u>Cannon v. Nicholas</u>, 80 F.2d 934, 936 (10th Cir. 1935) ("the word 'including' * * * has various shades of meaning, sometimes of restriction and sometimes of enlargement" and as used in a predecessor of the Internal

Revenue Code was not intended to limit distraint of delinquent taxpayer's goods to those enumerated).

Significantly, courts interpreting statutory language that utilizes both the word "includes" and the word "means" in different parts of the same statutory provision have held that those two words, in the context of such a juxtaposition, have different interpretations.

Interpreting section 206 of the Revenue Act of 1926, ch. 27, 44 Stat. 17, the Supreme Court, in Helvering v. Morgan's Inc., 293 U.S. 121 (1934), concluded that "includes" and "means" are to be interpreted differently when both are used in the same statutory provision. The Supreme Court interpreted the word "includes" to indicate that what follows contains general examples (i.e., not an exclusive list) and interpreted the word "means" to indicate that what follows contains the complete definition (i.e., an exclusive list).

> The natural distinction would be that where "means" is employed, the term ["means"] and * * * [the language that follows] are to be interchangeable equivalents, and that the verb "includes" imports a general class, some of whose particular instances are those specified in the * * * [language that follows the term "includes"]. [Id. at 125, n.1.]

We note that the operative and relevant word used in section 7430(c)(1), relating to litigation costs, is "includes", while

the operative word used in section 7430(c)(2), relating to administrative costs, is "means".[11]

In the context of other nontax Federal statutes, when both words "includes" and "means" are used within the same statutory provision, courts have held that the word "includes" is a term of enlargement and extension and that the word "means" is a term of enumeration and limitation. Am. Sur. Co. v. Marotta, 287 U.S. 513, 517 (1933) (relating to Federal bankruptcy statute); Highway & City Freight Drivers, Dockmen & Helpers, Local Union No. 600 v. Gordon Transports, Inc., 576 F.2d 1285, 1289 (8th Cir. 1978) (relating to Federal bankruptcy statute); Exxon Corp. v. Lujan, 730 F. Supp. 1535, 1545 (D. Wyo. 1990) (relating to Department of Interior Federal regulatory language), affd. 970 F.2d 757 (10th Cir. 1992); Brown v. Scott Paper Worldwide Co., 20 P.3d 921, 926 (Wash. 2001) (relating to State employment statute).[12]

---

[11] The relevant portion of section 7430(c)(2) provides:

SEC. 7430(c)(2) Reasonable administrative costs. The term "reasonable administrative costs" means--

  (A) any administrative fees or similar charges imposed by the Internal Revenue Service, and

  (B) expenses, costs, and fees described in [sec. 7430(c)] paragraph (1)(B) * * *.

[12] We acknowledge that, in certain contexts, the words "includes" and "including" have been interpreted as words of limitation and confinement. See, e.g., Blankenship v. W. Union Tel. Co., 161 F.2d 168, 169 (4th Cir. 1947) ("includes" as used in the Fair Labor Standards Act provision that the word "employee" includes any individual employed by employer is "a term of limitation indicating what belongs to a genus, rather than a term of enlargement"), citing Montello Salt Co. v. Utah, 221 U.S. 452 (1911); Television Transmission, Inc. v. Pub. Utils.
(continued...)

We believe that the out-of-pocket costs for mileage and parking fees incurred by petitioner in order to attend the Court hearing herein are covered by the term "litigation costs" under the language of section 7430(c)(1) that applies to Tax Court litigation. Section 7430(c)(1), defining reasonable litigation costs, does not contain an exclusive list of items recoverable as litigation costs, especially in light of the paragraph's use of the word "includes", as opposed to the word "means".

We summarize our analysis as follows: A majority of courts interpreting other Federal attorney's fee award statutes allow substantiated out-of-pocket costs for postage and delivery and for mileage and parking fees when incurred by pro se litigants; section 7430 uses the expansive, nonexclusive word "includes", as opposed to "means", when defining "litigation costs"; and respondent herein concedes postage and delivery costs to be recoverable litigation costs under section 7430(c)(1) even when incurred by pro se taxpayers.[13]

---

[12](...continued)
Commn., 301 P.2d 862, 863 (Cal. 1956) ("Although 'includes' is ordinarily not a word of limitation, a legislative declaration that 'public utility' includes those performing certain enumerated services is not a declaration that those performing other services, not encompassed by the services enumerated, are public utilities" subject to control and regulation by the Public Utilities Commission [citations omitted]).

[13] We note that there are no Treasury regulations promulgated specifically under sec. 7430(c)(1) (relating to litigation costs). There are Treasury regulations promulgated under sec. 7430(c)(2) (relating to administrative costs), and they provide (see sec. 301.7430-4(b)(1), Proced. & Admin. Regs.) an enumeration comparable to the specific enumeration of the statutory language of sec. 7430(c)(2). After such enumeration,

(continued...)

Petitioners are awarded an additional $11.25 for mileage and $3 for parking to attend the May 4, 2004, hearing.

Conclusion

In summary, based on respondent's concessions and our conclusions, petitioners are awarded litigation costs for the Court filing fee, various postage and delivery charges, mileage

---

[13](...continued)
however, those regulations relating specifically to administrative costs also expressly provide that additional out-of-pocket costs, when billed separately by a litigant's attorney, may be recoverable as administrative costs, as follows:

> necessary costs incurred for travel; expedited mail delivery; messenger service; expenses while on travel; long distance telephone calls; and necessary copying fees imposed by the Internal Revenue Service, any court, bank or other third party * * * may be reasonable administrative costs. [Sec. 301.7430-4(c)(2), Proced. & Admin. Regs.]

Another noteworthy point is that the regulations promulgated under sec. 7430(c)(2) (relating to administrative costs) contain a subparagraph which make reference to litigation costs as follows:

> Litigation costs include--
>
> (i) Costs incurred in connection with the preparation and filing of a petition with the United States Tax Court or in connection with the commencement of any other court proceeding; and
>
> (ii) Costs incurred after the filing of a petition with the United States Tax Court or after the commencement of any other court proceeding. [Sec. 301.7430-4(c)(3), Proced. & Admin. Regs.]

As will be noted, the above language in subdiv. (ii) of the regulation provides no list or enumeration comparable to the list set forth in the statutory language of sec. 7430(c)(1)(A) through (B)(iii), and it broadly and simply refers, without any limitation, to "litigation costs" as those "costs" incurred relating to the handling of a case.

costs,[14] and parking fees relating to this litigation as outlined below:

|  Awarded Litigation Costs | Amount |
| --- | --- |
| Court filing fee | $ 60.00 |
| Postage and delivery | 52.51 |
| Mileage | 11.25 |
| Parking | 3.00 |
|  Total | $126.76 |

Other arguments made by petitioners, such as a claim for punitive damages, are without merit and are rejected.

For the reasons stated, we shall award petitioners litigation costs in the amount of $126.76.[15]

An appropriate order and

decision will be entered.

---

[14] As indicated, petitioners calculated their mileage costs at $0.35 per mile when the Government's actual allowable mileage reimbursement rate effective on May 4, 2004, was $0.375. 68 Fed. Reg. 69618 (Dec. 15, 2003). Therefore, at the applicable rate, which we use, 30 miles traveled results in $11.25 in mileage costs.

[15] The amounts at issue and the amounts awarded herein are small. Issuance of this Opinion, however, is appropriate due to the repetitive nature of the costs involved and due to the need to clarify for pro se taxpayers (as well as for represented taxpayers) the available recovery under sec. 7430 of out-of-pocket costs such as postage, mileage, and parking fees.