T.C. Memo. 2007-317

UNITED STATES TAX COURT

GABINO DIAZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1853-06.                    Filed October 23, 2007.

<u>Jeffrey D. Moffatt</u>, for petitioner.

<u>John D. Faucher</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before the Court on
petitioner's motion for an award of litigation costs under
section 7430(a)(2) and Rule 231.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at all relevant times, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioner resided in Newhall, California.

On approximately February 10, 2004, petitioner timely filed his 2003 Federal income tax return.

During respondent's audit of petitioner's 2003 Federal income tax return, petitioner submitted to respondent certain documentation. The documents included various checks and mortgage interest statements to petitioner and to one other individual. Printed on the checks as owners of the bank account on which the checks are drawn are the names of petitioner and two other individuals. The checks are made payable to various companies and individuals. The signatures on most of the checks are illegible. None of the checks appears to be signed by petitioner. The record does not indicate the relationship between petitioner and the other individuals whose names appear on the checks and on the interest statements.

Also during respondent's audit, petitioner submitted additional documentation which included an automobile lease agreement in petitioner's name, Form W-2, Wage and Tax Statement, relating to wages paid to petitioner, and copies of three

additional checks. Again, the signatures on the checks are illegible.

Respondent, concluding that the above documentation was inadequate, disallowed all $36,182 of the deductions claimed on Schedule A, Itemized Deductions, of petitioner's 2003 Federal income tax return ($23,885 in home mortgage interest, $8,673 in state income tax, $363 in contributions, and $3,261 in miscellaneous expenses).

Petitioner protested respondent's audit adjustments to respondent's Appeals Office but did not explain to respondent's Appeals Office the confusing checks and signatures that petitioner had provided to respondent.

On November 28, 2005, respondent determined a deficiency of $6,077 in petitioner's 2003 Federal income taxes. The deficiency was based on a disallowance by respondent of the $36,182 claimed Schedule A deductions.

On January 25, 2006, petitioner filed a petition regarding respondent's November 28, 2005, notice of deficiency. In the petition, petitioner claimed that the documentation petitioner submitted to respondent during the audit adequately substantiated the deductions respondent had disallowed.

On March 7, 2006, respondent filed an answer in which respondent argued that the documentation petitioner submitted to

respondent during the audit did not adequately substantiate petitioner's claimed deductions.

Before the scheduled trial date, the case was referred back to respondent's Appeals Office, and petitioner submitted additional documentation relating to petitioner's claimed deductions. A number of conferences occurred in which petitioner's counsel met with respondent's Appeals officer and discussed the deductions in question and explained the documentation that had been submitted.

On February 16, 2007, respondent agreed to settle, and petitioner and respondent stipulated that $30,905 of the total $36,182 claimed Schedule A deductions that had been disallowed were allowable and that all other issues were resolved.

On March 12, 2007, petitioner filed a motion for litigation costs requesting reimbursement for legal fees incurred by petitioner.

## Discussion

Generally, under section 7430 a taxpayer may recover from respondent costs relating to litigation in which the taxpayer substantially prevails.

Recoverable litigation costs include court costs and reasonable attorney's fees. Sec. 7430(c)(1); Dunaway v. Commissioner, 124 T.C. 80 (2005). Litigation costs may be awarded if, among other things, the taxpayer: (1) Is the

prevailing party; (2) exhausted available administrative remedies; and (3) did not unreasonably protract the court proceedings. Sec. 7430(a) and (b)(1), (3).

Under section 7430(c)(4)(A), a "prevailing party" is defined as a party who has substantially prevailed with respect to the amount in controversy or who has substantially prevailed with respect to the most significant issue or set of issues and who meets certain net worth requirements. Sec. 7430(c)(4)(A). If respondent establishes that respondent's position in the proceeding was substantially justified, the taxpayer will not be treated as a prevailing party. Sec. 7430(c)(4)(B). Whether respondent's position was substantially justified depends on whether his position was supported by a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552 (1988); Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989).

The fact that respondent eventually loses or concedes an issue or issues does not by itself establish that respondent's position was unreasonable. Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

Whether respondent acted reasonably turns largely on the basis of the available information used to form respondent's position and whether respondent knew or should have known that his position was invalid at the time respondent took the position

in the litigation.  Coastal Petroleum Refiners, Inc. v.
Commissioner, 94 T.C. 685, 688-690 (1990).

Respondent's position in a judicial proceeding is that which
is set forth in respondent's answer to the petition.  Sec.
7430(c)(7)(A); see Huffman v. Commissioner, 978 F.2d 1139, 1147-
1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo.
1991-144; Maggie Mgmt. Co. v. Commissioner, supra at 442.

Respondent concedes that petitioner substantially prevailed
with respect to the amount in controversy and exhausted all
administrative remedies.  Respondent argues, however, that
respondent's position was substantially justified and that
therefore petitioner does not qualify as a prevailing party for
purposes of section 7430.

Relying on an unpublished opinion, McKee v. Commissioner,
209 Fed. Appx. 691 (9th Cir. 2006) (holding that respondent's
position was not substantially justified where respondent
admitted that key errors were made in calculating the taxpayer's
deficiency), revg. T.C. Memo. 2004-115, petitioner argues that
respondent's position was not substantially justified.

We conclude that on the record before us respondent was
substantially justified in asserting in his answer that
petitioner's claimed deductions were not substantiated.  A number
of individuals in addition to petitioner were referenced on
checks and other documentation that were provided to respondent.

Most of the signatures on the checks were illegible.  The signatures that were legible were not those of petitioner.  Prior to litigation it certainly is understandable that it was unclear to respondent who actually paid the expenses in question.

Further, in his answer, respondent acted reasonably in contesting the claimed deductions.  At the time respondent filed his answer respondent neither knew nor should have known that respondent's position was incorrect.

Petitioner's claim for reimbursement of litigation costs will be denied.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.