T.C. Summary Opinion 2010-98

UNITED STATES TAX COURT

DANIEL PAUL BURGESS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28710-07S.                    Filed July 22, 2010.

Daniel Paul Burgess, pro se.

<u>Beth A. Nunnink</u>, for respondent.


GALE, <u>Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended.

Respondent issued a notice of deficiency, and petitioner filed a timely petition, with respect to taxable years 2002 through 2005. The parties have settled all issues in the case except petitioner's entitlement to administrative and litigation costs pursuant to section 7430. Pending is petitioner's motion for such costs.

## Background

Petitioner filed delinquent income tax returns for 2002, 2003, and 2004. Petitioner filed his 2002 return on April 28, 2005. Petitioner's returns for 2003 and 2004 were received by respondent on January 5 and 9, 2007, respectively. Petitioner filed his 2005 return on May 22, 2006.

On March 5, 2007, respondent accepted and processed petitioner's 2003 return, assessing the $906 in tax shown as due thereon. On June 11, 2007, respondent accepted and processed petitioner's 2004 return, which reported a tax due of zero.

On May 14, 2007, respondent sent petitioner a 30-day letter, proposing changes with respect to his 2002 and 2005 returns. On June 13, 2007, respondent sent petitioner a 30-day letter proposing changes with respect to his 2003 and 2004 returns.

Petitioner disagreed with the proposed changes for 2002 through 2005 and participated in an examination that commenced in April 2007 and concluded in September 2007. Petitioner executed a power of attorney in favor of his mother, Anita Burgess (Mrs.

Burgess), and she acted as petitioner's representative during the examination.

The examining agent requested that petitioner provide evidence of the miles he drove in connection with his work during 2002 and 2005, in order to substantiate his claimed car and truck expenses for those years. Petitioner provided no evidence regarding 2002. With respect to 2005 petitioner provided the examining agent with a 2005 monthly planner containing mileage entries (2005 mileage log). The 2005 mileage log generally contained entries for each business week, listing jobsites and a total mileage figure for the day. The mileage recorded for each day was never less than 215 miles and never more than 265 miles. The recorded mileage remained in this 40-mile range regardless of whether a single jobsite or multiple jobsites were recorded for the day.

On the basis of an examination of the 2005 mileage log, the examining agent and the group manager concluded that the mileage petitioner claimed for 2005 was "egregious". Given the condition of the 2005 mileage log and the absence of any substantiation for 2002, the examining agent decided to disallow all but 20 percent of petitioner's claimed deductions for car and truck expenses in each year.

The examining agent also took the position that petitioner had failed to report certain income received in 2003 and 2004

that had been reported on Forms 1099-MISC, Miscellaneous Income.
Mrs. Burgess countered that all such income had been reported on
petitioner's 2003 and 2004 returns, filed in January 2007.  The
examining agent informed Mrs. Burgess that petitioner's 2003 and
2004 returns were not yet available in respondent's computer
system and requested that petitioner provide copies.  Neither
petitioner nor Mrs. Burgess provided copies, despite a number of
followup requests from the examining agent and her supervisor.

On September 19, 2007, respondent issued petitioner a notice
of deficiency, which determined the following deficiencies,
additions to tax, and penalties:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|------------|------------------|----------------|
| 2002 | $2,843 | -0- | $569 |
| 2003 | 1,768 | $126 | -0- |
| 2004 | 3,443 | 861 | -0- |
| 2005[1] | 5,978 | -0- | 1,196 |

[1]The first page of the notice of deficiency made no
reference to the 2005 taxable year, although the accompanying
"explanation of changes" did.  Because "any statements or
computations in or appended to the notice should be considered"
in determining its validity, the notice of deficiency is valid
with respect to 2005.  See Estate of Yaeger v. Commissioner, 889
F.2d 29, 35-36 (2d Cir. 1989) affg. T.C. Memo. 1988-264; Estate
of Scofield v. Commissioner, 266 F.2d 154, 167 (6th Cir. 1959)
affg. in part and revg. in part 25 T.C. 774 (1956).

The notice of deficiency determined that the car and truck
expenses petitioner claimed on his 2002 and 2005 returns were not
reasonable in amount or ordinary and necessary to petitioner's
business.  The notice accordingly allowed only 20 percent of the

car and truck expenses claimed; i.e., $3,529 allowed as compared to $17,647 claimed for 2002, and $5,491 allowed as compared to $27,453 claimed for 2005. The notice also disallowed $850 of trade or business expenses claimed for 2002 on the grounds that they were not incurred in carrying on a trade or business. Further, the notice disallowed a supplies expense of $3,831, a $255 expense for business use of a personal residence, and a $928 deduction for an automobile insurance expense, all claimed for 2005. Finally, the notice determined that petitioner had failed to report $6,299 and $18,110 of income from Craftsman Homes, Inc., for 2003 and 2004, respectively.

On October 23, 2007, respondent issued a supplement to the notice of deficiency, conceding the disallowed car and truck expenses for 2002 and 2005.

On December 12, 2007, petitioner filed a petition with the Court. In the petition, he averred that he had reported all income on his 2003 and 2004 returns and that he did not owe additional taxes or penalties for 2002 through 2005. Respondent filed an answer on February 7, 2008, wherein he admitted that petitioner had filed his returns for 2003 and 2004 but continued to assert that petitioner had failed to report all income for those years. On or around June 4, 2008, an Appeals officer reviewed petitioner's 2003 and 2004 returns and determined that petitioner had in fact reported all income for those years. The

Appeals officer advised petitioner by letter dated June 4, 2008, that a review of petitioner's 2003 and 2004 returns showed that all income had been reported. Thereupon, respondent conceded the 2003 and 2004 deficiencies.

The parties subsequently stipulated that respondent conceded the car and truck expenses for 2002 and 2005, the deficiencies in full for 2003 and 2004, the additions to tax under section 6651(a)(1) for 2003 and 2004, and the penalties under section 6662 for 2002 and 2005. The parties further stipulated that petitioner conceded the claimed business expense for 2002, as well as the supplies expense, the business use of residence expense, and the automobile insurance expense for 2005. Petitioner thereupon filed a motion for administrative and litigation costs, and respondent filed a response thereto. The Court held a hearing on petitioner's motion, and thereafter respondent filed a supplemental response.

## Discussion

Section 7430(a) allows a taxpayer to recover reasonable administrative and litigation costs. Administrative and litigation costs may be awarded if the taxpayer (1) is the prevailing party, (2) exhausted available administrative remedies, (3) did not unreasonably protract the court proceedings, and (4) claimed reasonable administrative and/or litigation costs. Sec. 7430(a), (b)(1), (3), (c)(1). All

requirements must be met, and the failure to satisfy any one of the requirements precludes an award of costs.  Goettee v. Commissioner, 124 T.C. 286, 289 (2005), affd. 192 Fed. Appx. 212 (4th Cir. 2006).  Section 7430 is a waiver of sovereign immunity and must be strictly construed in the Government's favor.  Estate of Cervin v. Commissioner, 200 F.3d 351, 355 (5th Cir. 2000), affg. T.C. Memo. 1998-176; Simpson v. Commissioner, T.C. Memo. 1995-194.  Where the underlying substantive issues or the issue of reasonable administrative costs has become the subject of the Tax Court's jurisdiction, the award of administrative costs is made by the Court rather than the Commissioner.  Sec. 301.7430-2(b)(2), (e), Example (2), Proced. & Admin. Regs.

To be the prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issues, or set of issues, presented.  Sec. 7430(c)(4)(A)(i).  In addition, the taxpayer must meet certain net worth requirements.  Sec. 7430(c)(4)(A)(ii).  However, the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the Commissioner's position was substantially justified.  Sec. 7430(c)(4)(B); Elder v. Commissioner, T.C. Memo. 2007-281.  No award may be made with respect to any portion of the administrative or court proceeding during which the prevailing party has unreasonably protracted the proceeding.  Sec. 7430(b)(3).

Respondent concedes that petitioner exhausted all administrative remedies and that petitioner meets the net worth requirements.  Respondent also concedes that the most significant issues in this case were the car and truck expenses for 2002 and 2005 and the unreported income for 2003 and 2004.  Petitioner prevailed on these issues.  However, respondent contends that his position was substantially justified and that petitioner unreasonably protracted the proceedings.  Further, respondent argues that if the Court finds against respondent on these issues, many of the costs petitioner claims are not recoverable because they are not allocable to respondent, they are unreasonable, and/or petitioner did not actually pay or incur them.

I.   Whether Petitioner Is Entitled To Recover Administrative or Litigation Costs

Whether the Commissioner's position was substantially justified depends on all the facts and circumstances.  See Price v. Commissioner, 102 T.C. 660, 662 (1994), affd. without published opinion sub nom. TSA/Stanford Associates, Inc. v. Commissioner, 77 F.3d 490 (9th Cir. 1996).  A position is substantially justified if it has a reasonable basis in fact and law and is justified to a degree that would satisfy a reasonable person.  See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The Commissioner bears the burden of proving that his position had a

reasonable basis in both fact and law.  Sec. 7430(c)(4)(B);
Pierce v. Underwood, supra at 565.

The Court awards costs on an issue-by-issue basis under
section 7430, apportioning the requested award among the issues
according to whether the Commissioner's position on a particular
issue was substantially justified.  Elder v. Commissioner, supra;
see also Swanson v. Commissioner, 106 T.C. 76, 102 (1996).

For purposes of determining whether petitioner is entitled
to recover administrative costs, respondent is considered to have
taken his position when the notice of deficiency was issued.
Sec. 7430(c)(7)(B)(ii).  For purposes of determining whether
petitioner is entitled to recover litigation costs, respondent
took a position in the Tax Court proceeding when the answer was
filed.  See sec. 7430(c)(7)(A); Corson v. Commissioner, 123 T.C.
202, 206 (2004).  Respondent's position with respect to
petitioner's 2003 and 2004 taxable years was the same in the
administrative proceeding and in the judicial proceeding; namely,
that petitioner had failed to report all of his income for those
years.  With respect to 2002 and 2005, respondent disallowed a
portion of petitioner's claimed car and truck expenses only in
the administrative proceeding.  We shall therefore analyze
petitioner's 2002 and 2005 taxable years separately from his 2003
and 2004 taxable years.

A.    2002 and 2005 Taxable Years

Because respondent had conceded the car and truck expenses for 2002 and 2005 when he filed the answer, we need only analyze petitioner's 2002 and 2005 taxable years for purposes of administrative costs.  We therefore consider whether respondent's position that petitioner was not entitled to 80 percent of the car and truck expenses claimed was substantially justified when respondent took the position in the notice of deficiency.

In determining substantial justification, we look to whether the Commissioner's position was reasonable given the available facts and circumstances when the position was taken.  See Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  A significant factor is whether, on or before the date the Commissioner took the position, the taxpayer provided "all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position to the appropriate Internal Revenue Service personnel."  Sec. 301.7430-5(c)(1), Proced. & Admin. Regs.  The fact that the Commissioner eventually concedes or loses a case does not establish that his position was unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  However, the Commissioner's concession is a factor to be considered.  Powers v. Commissioner, 100 T.C. 457, 471 (1993),

affd. in part, revd. in part on another issue and remanded 43 F.3d 172 (5th Cir. 1995).

Respondent's decision to allow only 20 percent of petitioner's claimed car and truck expenses for 2002 was substantially justified. Petitioner provided respondent with no records of his mileage driven for that year. Indeed, petitioner conceded at the hearing on this motion that he had never provided respondent with any proof for the car and truck expenses for 2002. Under these circumstances, respondent was substantially justified in disallowing 80 percent of petitioner's claimed car and truck expenses for 2002.

We conclude that respondent was also substantially justified in disallowing 80 percent of the car and truck expenses petitioner claimed for 2005. Petitioner provided the examining agent with the 2005 mileage log in an attempt to substantiate the miles he drove for work in 2005. The examining agent reviewed the 2005 mileage log and concluded that the mileage petitioner claimed was excessive. The entries in the 2005 mileage log were consistently high for every day petitioner claimed to have worked, and the total miles did not bear a consistent relationship to the number of jobs to which petitioner claimed to have driven. Although petitioner testified credibly at the hearing that he often and unexpectedly had to travel long distances to get supplies and that his claimed mileage was

accurate, we believe that at the time respondent issued the notice of deficiency, respondent could reasonably have concluded that petitioner's claimed mileage was excessive. Respondent was therefore substantially justified with respect to the disallowance of 80 percent of petitioner's 2005 claimed car and truck expenses.

The record does not reveal why respondent ultimately conceded petitioner's entitlement to all car and truck expenses claimed, but given petitioner's failure to provide any records of his 2002 expenses and the apparently excessive amounts reflected in the 2005 mileage log, respondent's eventual concession is not determinative.

We conclude that petitioner is not entitled to recover administrative costs insofar as they pertain to his 2002 and 2005 taxable years.

B.   2003 and 2004 Taxable Years

We now consider whether respondent's position that petitioner had failed to report $6,299 and $18,110 in income in 2003 and 2004, respectively, was substantially justified with respect to either the administrative proceeding or the judicial proceeding.

Petitioner submitted his 2003 and 2004 returns substantially late, in January 2007. Respondent opened an examination for petitioner's 2003 and 2004 taxable years (along with 2002 and

2005) in early April 2007.  Notwithstanding the pending examination, respondent accepted the 2003 and 2004 returns and had processed them by June 2007, as the plain language transcripts record that assessments were made on the basis of the submitted returns on March 5 and June 11, 2007, for 2003 and 2004, respectively.  In the examination, the examining agent took the position that petitioner had failed to report all of his income for 2003 and 2004.  Mrs. Burgess insisted that all income had been reported.  The agent requested Mrs. Burgess to provide copies of the returns, but she refused.  Eventually, on September 19, 2007, respondent issued a notice of deficiency which determined that petitioner had failed to report income from Craftsman Homes, Inc., of $6,299 and $18,110 in 2003 and 2004, respectively.

Respondent argues that the substantially late filing of petitioner's 2003 and 2004 returns, coupled with petitioner's refusal to provide copies of the returns, makes respondent's position in the notice of deficiency substantially justified. Respondent also contends that petitioner's refusal to provide copies of the returns unreasonably protracted the proceedings. We disagree.  While we believe respondent is entitled to some reasonable period after the January 2007 submission of the returns before he is chargeable with knowledge of their contents, we do not believe that period extended significantly beyond June

2007, when respondent accepted and processed the later of the two returns.[2]  The notice of deficiency was issued on September 19, 2007.

Respondent's position was substantially justified when the notice of deficiency was issued if, in view of all the facts and circumstances, it appears justified to a degree that would satisfy a reasonable person.  Under that test, respondent has not shown his position was substantially justified.  While petitioner's refusal to provide copies of his returns was itself not entirely reasonable, the more compelling fact is that by the September 19, 2007, mailing of the notice of deficiency, it had been at least 3 months since respondent had accepted and processed petitioner's 2003 and 2004 returns.  The examining agent's inability to verify petitioner's claims by consulting respondent's own records was not reasonable under the circumstances.  Moreover, we are not persuaded that petitioner's providing copies of his returns would have satisfied the examining agent.  The agent's own notes confirm this point.  On September 28, 2007, she wrote:  "The '03, 4 returns with sch. C will not prove that he reported the income.  According to IDRS, the income was not reported."

---

[2]Petitioner filed his 2003 and 2004 returns on Jan. 5 and 9, 2007, respectively.  Respondent recorded a $906 assessment on the basis of the 2003 return on Mar. 5, 2007, and a zero assessment on the basis of the 2004 return on June 11, 2007.

We therefore conclude that respondent has failed to show that his position in the notice of deficiency concerning petitioner's failure to report all income for 2003 and 2004 was substantially justified. Similarly, we conclude that petitioner's refusal to provide copies of his 2003 and 2004 returns did not unreasonably protract the proceedings. Accordingly, petitioner is entitled to recover reasonable administrative costs related to this issue.

As for litigation costs, respondent filed an answer on February 7, 2008, wherein he maintained the position that petitioner had failed to report all income for 2003 and 2004. Respondent had almost 5 additional months after issuing the notice of deficiency until he filed the answer. Moreover, respondent admitted in the answer that the 2003 and 2004 returns had been filed, reflecting his awareness of them. Respondent's Appeals officer conceded some 4 months after the answer's filing that respondent "[made] an error in not reviewing the returns you filed." For the same reasons previously discussed, we conclude that respondent has failed to show that his position in the answer concerning petitioner's failure to report all income for 2003 and 2004 was substantially justified. Accordingly, petitioner is also entitled to recover reasonable litigation costs insofar as they relate to his 2003 and 2004 taxable years.

II. <u>Recoverable Costs</u>

Under section 7430(c)(1), the term "reasonable litigation costs" "includes" reasonable court costs, sec. 7430(c)(1)(A); reasonable expenses of expert witnesses in connection with a court proceeding, sec. 7430(c)(1)(B)(i); the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, sec. 7430(c)(1)(B)(ii); and reasonable fees paid or incurred for the services of an attorney in connection with the court proceeding, sec. 7430(c)(1)(B)(iii).  Moreover, this Court has held that the use of the term "includes" in section 7430(c)(1) is to be construed broadly.  <u>Dunaway v. Commissioner</u>, 124 T.C. 80, 91 (2005).  Therefore, a prevailing party may recover substantiated costs for certain other expenses incurred on account of the litigation, such as costs for postage and delivery, as well as mileage and parking.  <u>Id.</u>

Reasonable litigation costs also encompass the costs incurred to litigate a claim for administrative and litigation costs.  See, e.g., <u>Huffman v. Commissioner</u>, 978 F.2d 1139, 1149 (9th Cir. 1992), affg. in part and revg. in part on other grounds T.C. Memo. 1991-144; <u>Powell v. Commissioner</u>, 891 F.2d 1167, 1170 (5th Cir. 1990), revg. 91 T.C. 673 (1988); <u>Dixon v. Commissioner</u>, T.C. Memo. 2006-97; <u>Han v. Commissioner</u>, T.C. Memo. 1993-386.

Section 7430(c)(2) provides that reasonable administrative costs "means" any administrative fees or similar charges imposed by the Internal Revenue Service, sec. 7430(c)(2)(A), and any expenses, costs, and fees described in section 7430(c)(1)(B) (as described supra).  Notably, section 7430(c)(2) defines reasonable administrative costs by using the term "means", rather than "includes", and the range of recoverable administrative costs is therefore limited to the costs specifically enumerated in the statute.  See Dunaway v. Commissioner, supra at 92.

For purposes of section 7430, attorney's fees include fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service.  Sec. 7430(c)(3).

Finally, an award of administrative or litigation costs may only be made for costs which are allocable to the United States and not to any other party.  Sec. 7430(b)(2).

A.  Services of Mrs. Burgess

Petitioner claims $28,400 in "paralegal services" representing the claimed value of Mrs. Burgess' time spent preparing his case for this proceeding and negotiating with respondent during the course of the administrative proceeding. While a prevailing party may recover reasonable fees paid for the services of an attorney or a nonattorney authorized to practice before the Tax Court or the Internal Revenue Service, Mrs.

Burgess is neither. The value of Mrs. Burgess' services is therefore not recoverable as attorney's fees under section 7430. See <u>Guyan Oil Co., Inc. v. Commissioner</u>, T.C. Memo. 1988-486; see also <u>Frisch v. Commissioner</u>, 87 T.C. 838, 844-846 (1986).

B. <u>Postage, Delivery, Mileage, and Parking Costs</u>

Petitioner claims various costs for postage and delivery, as well as mileage for travel to the post office in order to mail and retrieve correspondence related to his case. Because these costs are not encompassed by the narrower definition of reasonable administrative costs, petitioner is not entitled to recover any of these costs paid before September 22, 2007, the date on which petitioner picked up the notice of deficiency. The schedule below sets forth the amounts petitioner claims he is entitled to recover for postage and delivery costs, and for the mileage he incurred, on or after September 22, 2007:

| Date | Type of Cost | Purpose | Mileage Claimed | Cost Claimed |
|---|---|---|---|---|
| 9/22/07 | Mileage | Pick up at post office notice of deficiency | 18.5 | -0- |
| 10/18/07 | Mileage & postage | Abatement request & travel to post office | 18.5 | $5.21 |
| 11/23/07 | Mileage & postage | FOIA request & travel to post office | 18.5 | 5.21 |
| 11/28/07 | Mileage & postage | FOIA request & travel to post office | 18.5 | 5.21 |
| 12/6/07 | Mileage, postage, & fee | Tax Court petition fee, postage, & travel to post office | 18.5 | 70.45 |
| 3/19/08 | Mileage & postage | FOIA request & travel to post office | 18.5 | 5.62 |
| 5/27/08 | Mileage | Pick up at post office notice setting case for trial | 18.5 | -0- |
| 8/20/08 | Mileage & postage | Mailing of letter to IRS attorney & travel to post office | 18.5 | 5.32 |
| 10/15/08 | Mileage & postage | Mailing of stipulation of facts & travel to post office | 18.5 | 6.07 |
| 10/21/08 | Mileage & postage | Mailing of pretrial memo to court, service on respondent, & travel to post office | 18.5 | 21.90 |
| 10/27/08 | Mileage & parking | Travel to court for hearing | 30.0 | 5.00 |

With the exception of the $5 parking fee to attend the hearing on his motion, petitioner has provided receipts to substantiate all the claimed postage and delivery costs; i.e., the mailing expenses and the petition filing fee.

With respect to mileage, respondent argues that petitioner's mileage for trips to the post office could not be accurate because petitioner indicated that he traveled to several different post office locations, yet identical mileage is claimed for all such trips. We find that the mileage petitioner claimed for post office trips to either send or receive mail related to this case is reasonable.[3]

Respondent further argues that postage costs for petitioner's FOIA requests and for his abatement request are not recoverable because they are not properly allocable to respondent. The essence of respondent's argument with respect to the FOIA requests appears to be that it would have been more appropriate for petitioner to seek information from respondent through discovery, rather than by filing FOIA requests, and that petitioner's FOIA requests were excessive; for example, petitioner made two such requests only 5 days apart.

---

[3]The Court takes judicial notice of the fact that at least three post offices are approximately equidistant from the address petitioner used in the petition.

We conclude that the costs petitioner claims are not inappropriate or poorly conceived. Petitioner claims, and respondent does not dispute, that petitioner submitted the FOIA request in order to obtain documentation from respondent that he hoped would aid him in preparing his case. We note that much of the documentary evidence in the record was offered by petitioner, not respondent. Moreover, petitioner's postage and post office travel would have been comparable had he used discovery rather than FOIA requests. We therefore reject respondent's contention they are not properly allocable to respondent, with one exception: the costs associated with petitioner's abatement request. Respondent contends that petitioner's abatement request was premature, and we agree. Therefore, those costs are not properly allocable to respondent and may not be recovered by petitioner. See sec. 7430(b)(2).

We shall allow petitioner his costs for the filing of the petition, as well as postage for mailings made on November 23 and 28 and December 6, 2007, and March 19, August 20, and October 15 and 21, 2008, as listed in the table above. We shall also allow petitioner to recover his mileage costs at the prevailing rate for 196.5 miles.[4] Further, we are satisfied that, in the

---

[4]For 2007 taxpayers were allowed to claim 48.5 cents per mile driven for business purposes. Rev. Proc. 2006-49, sec. 5.01, 2006-2 C.B. 936, 938. For 2008 taxpayers were allowed to claim 50.5 cents per mile driven for business purposes. Rev.

(continued...)

circumstances, petitioner's claim of a $5 parking fee for the day of the hearing on his motion is adequately substantiated. See Malamed v. Commissioner, T.C. Memo. 1993-1 (invoking the rule in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to approximate litigation costs); sec. 1.274-5T(c)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

C. Miscellaneous Expenses

Petitioner further claims the following administrative or litigation costs relating to his 2003 and 2004 taxable years:

| Date | Type of Expense | Amount |
|------|-----------------|--------|
| 7/7/07 | Books purchased by Mrs. Burgess | $69.60 |
| 7/11/07 | Books purchased by Mrs. Burgess | 29.62 |
| 10/26/08 | Office supplies, ink cartridges, & paper | 51.03 |
| Unknown | Office supplies, ink cartridges, & paper | 68.97 |

Petitioner contends that Mrs. Burgess purchased books in order to educate herself about the IRS examination process. The books were purchased in July 2007, during the examination of petitioner's returns, and they are therefore properly characterized as administrative costs, rather than litigation costs. Section 7430(c)(2) makes no allowance for the recovery of

---

[4](...continued)
Proc. 2007-70, sec. 5.01, 2007-2 C.B. 1162, 1164. Petitioner drove 74 miles in 2007 and 122.5 miles in 2008; therefore, he may recover $97.75 for mileage.

costs such as educational materials or books on IRS procedure as administrative costs.  Petitioner is therefore not entitled to recover the cost of the books.

Petitioner has failed to substantiate the claimed $68.97 office supplies expenditure and is therefore not entitled to recover it as a reasonable litigation cost.  Petitioner did, however, provide a receipt for $51.03 of office supplies, dated 2 days before the hearing on his motion.  Respondent argues that petitioner failed to establish that the costs of these supplies are litigation costs.  We disagree.  Petitioner credibly testified that he used the office supplies to print out a variety of exhibits he sought to introduce at the hearing on his motion. Petitioner may therefore recover this item.

To reflect the foregoing,

An appropriate order and decision will be entered.